1    JOANNA L. BROOKS, Bar No. 182986
      jbrooks@littler.com
2    MICHAEL W. NELSON, Bar No. 287213
      mwnelson@littler.com
3    LITTLER MENDELSON, P.C.
      Treat Towers
4    1255 Treat Boulevard, Suite 600
      Walnut Creek, California 94597
5    Telephone:   925.932.2468
      Facsimile:    925.946.9809
6
    Attorneys for Defendant
7    NSMG SHARED SERVICES, LLC
      (Sued herein erroneously as Northstar Memorial
8    Group; Northstar Memorial Group d/b/a Chapel of
      the Chimes; Chapel of the Chimes; and NSMG
9    Shared Services, LLC d/b/a Northstar Memorial
      Group Shared Services LLC)
10

11                      UNITED STATES DISTRICT COURT

12                    NORTHERN DISTRICT OF CALIFORNIA

13                        OAKLAND DIVISION

14

| | |
|---|---|
| 15  WILLIAM USCHOLD and TYRONE DANGERFIELD, each individually and on behalf of others similarly situated, | Case No. |
| 16 | **DEFENDANT'S NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT** |
| 17          Plaintiffs, | |
| 18      v. | **[28 U.S.C. §§ 1332, 1441, & 1446]** |
| 19  NORTHSTAR MEMORIAL GROUP, et al., | Trial Date:       None set |
| 20         Defendants. | Complaint filed:  January 17, 2018 |
| 21 | |

22

23  **TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN**

24  **DISTRICT OF CALIFORNIA, PLAINTIFFS WILLIAM USCHOLD AND TYRONE**

25  **DANGERFIELD, AND THEIR ATTORNEYS OF RECORD:**

26         PLEASE TAKE NOTICE that Defendant NSMG Shared Services, LLC ("Defendant")(Sued

27  herein erroneously as Northstar Memorial Group; Northstar Memorial Group d/b/a Chapel of the

28  Chimes; Chapel of the Chimes; and NSMG Shared Services, LLC d/b/a Northstar Memorial Group

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925 932 2468

Shared Services LLC) hereby removes the above-captioned cause of action brought by Plaintiffs William Uschold and Tyrone Dangerfield (collectively, "Plaintiffs") in the Superior Court of the State of California, County of Alameda to the United States District Court for the Northern District of California.

This removal is based on 28 U.S.C. §§ 1441 and 1446.  This Notice is based upon the original jurisdiction of this Court over the parties under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d), based on the following grounds:

## I.  STATEMENT OF JURISDICTION

1.      This Court has original jurisdiction over this action under the CAFA, 28 U.S.C. § 1332(d).  CAFA grants district courts original jurisdiction over civil class actions filed under federal or state law in which any member of a class of plaintiffs is a citizen of a state different from any defendant and where the amount in controversy for the putative class members in the aggregate exceeds the sum or value of $5,000,000, exclusive of interest and costs.  CAFA authorizes removal of such actions in accordance with 28 U.S.C. § 1446.

2.      This Court has jurisdiction over this case under CAFA, 28 U.S.C. § 1332(d), and this case may be removed pursuant to the provisions of 28 U.S.C. § 1441(a), because it is a civil class action in which:  (1) the putative class contains at least 100 members; (2) Defendant is not a state, state official or other governmental entity; (3) the total amount in controversy for all putative class members exceeds $5,000,000 exclusive of interest and costs; and (4) there is diversity between at least one putative class member and Defendant.

3.      CAFA's diversity requirement is satisfied when at least one plaintiff is a citizen of a state in which the defendant is not a citizen.  28 U.S.C. §§ 1332(d)(2)(A), 1453.

4.      As set forth below, this case meets all of CAFA's requirements for removal and is timely and properly removed by filing of this Notice.

## II.  VENUE

5.      The action was filed in the Superior Court for the State of California for the County of Alameda.  Venue properly lies in the United States District Court for the Northern District of California pursuant to 28 U.S.C. §§ 84(a), 1391, 1441(a) and 1446.

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925 932 2468

2.

III. **STATUS OF PLEADINGS, PROCESS AND ORDERS**

6.     On January 17, 2018, Plaintiffs William Uschold and Tyrone Dangerfield filed a class action complaint in the Superior Court of the State of California, County of Alameda, captioned *William Uschold and Tyrone Dangerfield, each individually and on behalf of others similarly situated v. Northstar Memorial Group, an Unincorporated Association; Northstar Memorial Group d/b/a Chapel of the Chimes, an Unincorporated Association; Chapel of the Chimes, an Unincorporated Association domiciled in California; NSMG Shared Services, LLC, a foreign California forfeited entity; NSMG Shared Services, LLC d/b/a Northstar Memorial Group Shared Services, LLC, a foreign California forfeited entity; and DOES 1-50 inclusive*, designated as Case No. HG 18889297 (herein referred to as the "Complaint").  A true and correct copy of the Complaint is attached to this Notice of Removal as **Exhibit A**.  Plaintiffs and the members of the putative class they purport to represent are individuals who are or were previously employed by Defendant in California as commissioned employees (the "CALIFORNIA CLASS") at any time during the period beginning on the date four (4) years before the filing of the Complaint and ending on the date as determined by the Court (the "CLASS PERIOD"). (Compl., ¶ 21).   Plaintiffs also propose the California Class be subdivided into three sub-classes consisting of the following: (1) all putative class members that were allegedly not reimbursed for business expenses related to purported use of their personal vehicles and cell phones for business reasons; (2) all putative class members allegedly subjected to unlawful payroll deductions; and (3) all putative class members that were allegedly not provided with an accurate written commission agreement.  (Compl., ¶ 21).

7.     The Complaint asserts the following causes of action:  (1) Unlawful Collection of Wages Earned (Cal. Lab. Code § 221); (2) Unauthorized Deduction of Wages (Cal. Lab. Code § 224); (3) Failure to Reimburse For All Necessary And Reasonable Business Expenses (Cal. Lab. Code § 2802); (4) Failure to Pay Wages (Cal. Lab. Code §§ 510, 1194); and (5) Violation of the Unfair Competition Law (Cal. Bus. & Prof. Code § 17200, *et seq.*).

8.     Defendant's agent for service of process was served on January 18, 2018, with the Complaint, together with the accompanying Summons and pleadings.  True and correct copies of the Summons and accompanying documents are attached collectively as **Exhibit B**:  Summons, Civil

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925 932 2468

3.

1  Case Cover Sheet, Complaint, Superior Court of California, County of Alameda Alternative Dispute

2  Resolution (ADR) Information Package and Stipulation.

3      9.    On February 15, 2018, Defendant filed an Answer to the Complaint, a true and

4  correct copy of which is attached hereto as **Exhibit C**.

5      10.    Because the Doe defendants have not yet been served, they need not join or consent

6  to Defendant's Notice of Removal. *Salveson v. Western States Bankcard Ass'n*, 731 F.2d 1426,

7  1429 (9th Cir. 1984) (named defendants not yet served in state court action need not join the notice

8  of removal). Furthermore, CAFA permits any defendant to unilaterally remove the action if the

9  requirements of CAFA for removal are met, as they are here. *See* 28 U.S.C. §1453(b).

10      11.    To Defendant's knowledge, no further process, pleadings, or orders related to this

11  case have been filed in the Superior Court of California, County of Alameda.

12  **IV.   TIMELINESS OF REMOVAL**

13      12.    An action may be removed from state court by filing a notice of removal, together

14  with a copy of all process, pleadings, and orders served on the defendant, within 30 days of

15  defendant receiving the initial pleading. *See* 28 U.S.C. § 1446(b); *Murphy Bros, Inc. v. Mitchetti*

16  *Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) (the 30-day removal period runs from the service of

17  the summons and complaint). Removal of this action is timely because Notice has been filed within

18  30 days from January 18, 2018, when Defendant was served with the Complaint and first became

19  aware that the action was removable. 28 U.S.C. § 1446(b). Because Plaintiffs personally served the

20  Summons and Complaint upon Defendant's agent for service of process on January 18, 2018, the

21  thirty-day period for removal is Saturday, February 17, 2018.

22      13.    Pursuant to Fed. R. Civ. P. 6(a)(1)(C), when the last day of the period is a Saturday,

23  Sunday, or legal holiday, the period continues to run until the end of the next day that is not a

24  Saturday, Sunday, or legal holiday, therefore the period is extended to Tuesday, February 20, 2018,

25  because Monday, February 19, 2018 is President's Day and thus a legal holiday. *See* Fed. R. Civ. P.

26  6(a)(1)(A)(5) (requiring deadlines "count every day, including intermediate Saturdays, Sundays, and

27  legal holidays … but if the last day is a Saturday, Sunday, or legal holiday, the period continues to

28  run until the end of the next day that is not a Saturday, Sunday, or legal holiday"). Further, "next

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925 932 2468

4.

1   day" is "determined by continuing to count forward when the period is measured after an event and

2   backward when measured before an event." *See id.* Thus, this Notice of Removal is timely-filed.

3   *See Fleming v. United Teacher Assocs. Ins. Co.,* 250 F. Supp. 2d 658, 660-661 (D.W. Va. 2003)

4   (removal filed on 31 days timely when final day was a holiday); *Johnson v. Harper,* 66 F.R.D. 103,

5   105 (E.D. Tenn. 1975) (same); *see also Agavni Pogosyan v. U.S. Bank Trust National Association et*

6   *al.,* Case No.: CV 15-07085-AB [2015 WL 12696188 *2] (C.D. Cal. 2015) (same); *Williams v.*

7   *Leonard, No.* C02–05084 CRB [2003 WL 163183 *1] (N.D. Cal. 2003) (same)  As referenced

8   above, this Notice also contains all process, pleadings and orders that were served on Defendant, and

9   the Answer served by Defendant on February 15, 2018. (*See* **Exhibits A-C**.)

10  **V.      THIS CASE MEETS CAFA'S REMOVAL REQUIREMENTS**

11         **A.      The Putative Class Contains At Least 100 Members**

12         14.     CAFA provides this Court with jurisdiction over a class action when "the number of

13  members of all proposed plaintiff classes in the aggregate [is not] less than 100." 28 U.S.C.

14  §1332(d)(5)(B).  CAFA defines "class members" as those "persons (named or unnamed) who fall

15  within the definition of the proposed or certified class in a class action." 28 U.S.C. §1332(d)(1)(D).

16         15.     Plaintiffs seek to represent all current and former commissioned employees who held

17  the same job titles as the Plaintiffs and were employed by Defendant in the State of California from

18  January 18, 2013 through the resolution of this action.  (Compl., ¶ 21).

19         16.     Defendant employed at least 107 current and former employees who held the same

20  job titles as the Plaintiffs who received commissions and resided in the State of California between

21  January 18, 2013 and the present.  (Declaration of Brian Davis ("David Decl."), ¶ 7.).  They are

22  included in the putative class for purposes of removal based on Plaintiffs' allegations.  Accordingly,

23  the alleged putative class contains at least 100 members.

24         **B.      Defendant is Not a Governmental Entity**

25         17.     Defendant is not a state, state official, or other governmental entity.

26         **C.      Diversity of Citizenship Exists Here**

27         18.     The diversity of citizenship statute provides in pertinent part that "[t]he district courts

28  shall have original jurisdiction of all civil actions where the amount in controversy exceeds the sum

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA  94597
925.932.2468

5.

1   or value of $75,000, exclusive of interest and costs, and is between – (1) citizens of different

2   States….” 28 U.S.C. §1332(a).   CAFA diversity jurisdiction exists if "*any* member of a class of

3   plaintiffs is a citizen of a State different from *any* defendant." 28 U.S.C. § 1332(d)(2)(A) (emphasis

4   added).

5   19.   For diversity purposes, a person is a "citizen" of the state in which he or she is

6   domiciled. *Kantor v. Wellesley Galleries, Ltd.,* 704 F.2d 1088 (9th Cir. 1983); *see also LeBlanc v.*

7   *Cleveland,* 248 F.3d 95, 100 (2d Cir. 2001) (citizenship determined at the time the lawsuit is filed);

8   *see also Lundquist v. Precision Valley Aviation, Inc.,* 946 F.2d 8, 10 (1st Cir. 1991).   A person's

9   domicile is the place he or she resides with the intention to remain, or to which he or she intends to

10   return.   *District of Columbia v. Murphy,* 314 U.S. 441, 455 ("a place where a man lives is properly

11   taken to be his domicile until the facts adduced establish the contrary"); *Gutterman v. Wachovia*

12   *Mortgage,* 2011 U.S. Dist. LEXIS 74251, *4 (C.D. Cal. Mar. 31, 2011) (plaintiff's residence and

13   ownership of property is sufficient to establish his domicile); s*ee also, Kanter v. Warner-Lambert*

14   *Co.,* 265 F.3d 853, 857 (9th Cir. 2001).

15   20.   Defendant's records indicate that Plaintiffs were both residents of California during

16   their employment with Defendant.   (Davis Decl., ¶ 7.).   Plaintiffs' Complaint fails to allege their

17   state of residency, though it lists the Defendant's California locations where Plaintiffs purportedly

18   worked. (Compl., ¶ 9).

19   21.   For purposes of diversity jurisdiction, a corporation is deemed a citizen of its state of

20   incorporation and the state where it has its principal place of business.  28 U.S.C. §1332(c)(1).   A

21   corporation's principal place of business is defined as the place "where a corporation's officers

22   direct, control, and coordinate the corporation's activities," and "refers to the place where a

23   corporation's high level officers direct, control, and coordinate the corporation's activities, *i.e.*, its

24   'nerve center,'' which will typically be found at its corporate headquarters." *Hertz Corp. v. Friend,*

25   130 U.S. 1181, 1192-93 (2010).

26   22.   NSMG Shared Services, LLC, is the only properly named Defendant to this action.

27   NSMG Shared Services, LLC, is incorporated under the laws of the state of Delaware and maintains

28   its principal place of business in Houston, Texas. (Davis Decl., ¶¶ 3-4 .).

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA  94597
925 932 2468

6.

23.     Defendant has its headquarters at 1900 St. James Place, Suite 300, Houston, Texas. (*Id.*)  Defendant NSMG Shared Services, LLC, has its operations management, human resources, finance, information technology, distribution operations, legal, and sales and marketing managed from its Houston, Texas headquarters.  (*Id.*)   Most of the company-wide decisions relating to Defendant NSMG Shared Services, LLC, are made from Houston, Texas.  (Davis Decl., ¶¶ 4-5.). The types of corporate decisions made in Houston, Texas include, but are not limited to:   decisions regarding company policy; decisions regarding the purchase, financing and leasing of real properties; legal decisions; significant decisions regarding contracts and other purchasing; decisions regarding NSMG Shared Services, LLC's press releases and public affairs; decisions regarding banking relationships and cash management accounts; decisions regarding payroll; decisions regarding revenue management; decisions regarding safety and security policy-making; and policy decisions regarding advertising and marketing. (Davis Decl., ¶ 5.).  Therefore, the "nerve center" and, thus, the principal place of business of Defendant NSMG Shared Services, LLC, is located in Houston, Texas. *E.g. Hertz*, 130 U.S at 1192.

24.     Other than NSMG Shared Services, LLC, the remaining Defendants identified in Plaintiff's Complaint do not exist.

25.     At the time the action was commenced, and presently, an entity named Northstar Memorial Group does not exist under the laws of any state and does not maintain a principal place of business, and therefore is an erroneously named defendant to this action.  (Davis Decl., ¶ 8.).

26.     Similarly, Northstar Memorial Group d/b/a Chapel of the Chimes is an erroneously named defendant to this action.  (Davis Decl., ¶ 9.).

27.      Chapel of the Chimes is not an existing legal entity under the laws of any state and does not maintain a principal place of business, and therefore is an erroneously named defendant to this action. (Davis Decl., ¶ 10.).

28.     NSMG Shared Services LLC d/b/a Northstar Memorial Group Shared Services, LLC, is also not an existing legal entity under the laws of any state and does not maintain a principal place of business, and therefore is an erroneously named defendant to this action.  NSMG Shared Services

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

7.

1  LLC is not registered as doing business under the fictitious name "Northstar Memorial Group Shared

2  Services, LLC." (Davis Decl., ¶ 11.).

3    29.    Because Plaintiffs and NSMG Shared Services, LLC are citizens of different states,

4  this action meets CAFA's diversity requirements.

5    **D.    The Amount in Controversy Exceeds $5,000,000**

6    30.    CAFA authorizes the removal of class actions in which, among other factors

7  mentioned above, the amount in controversy for all class members exceeds $5,000,000, exclusive of

8  interests and costs.  28 U.S.C. §1332(d).  "The claims of the individual class members shall be

9  aggregated to determine whether the matter in controversy exceeds" this amount.  28 U.S.C.

10  §1332(d)(6).

11    31.    The removal statute requires that a defendant seeking to remove a case to federal

12  court must file a notice "containing a short and plain statement of the grounds for removal."  28

13  U.S.C. §1446(a).  The United States Supreme Court in *Dart Cherokee Basin Operating Co., LLC v.*

14  *Owens*, 135 S. Ct. 547, 554 (2014), recognized that "as specified in section 1446(a), a defendant's

15  notice of removal need include only a plausible allegation that the amount in controversy exceeds

16  the jurisdictional threshold."  Only if the plaintiff contests or the court questions the allegations of

17  the notice of removal is supporting evidence required.  *Id.*  Otherwise, "the defendant's amount in

18  controversy allegation should be accepted" just as plaintiff's amount in controversy allegation is

19  accepted when a plaintiff invokes federal court jurisdiction.  *Id.* at 553.  "[N]o antiremoval

20  presumption attends cases invoking CAFA."  *Id.* at 554.

21    32.    In the Prayer for Relief, Plaintiffs allege damages in the amount of $7,200,000,

22  exclusive of interest and costs, and thus the alleged damages exceed CAFA's $5,000,000 threshold.

23  (Compl., Prayer for Relief).  For purposes of determining whether the amount in controversy has

24  been satisfied, the Court must presume that the Plaintiff will prevail on his claims.  *Kenneth*

25  *Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002) (citing

26  *Burns v. Windsor Ins. Co.*, 31 F. 3d 1092, 1096 (11th Cir. 1994) (stating that the amount in

27  controversy analysis presumes that "plaintiff prevails on liability.")  The ultimate inquiry is what

28  amount is put "in controversy" by plaintiff's complaint, not what defendant might actually owe.

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA  94597
925 932 2468

8.

1    *Rippee v. Boston Market Corp.*, 408 F. Supp. 2d 982, 986 (S.D. Cal. 2005); *accord Ibarra v.*

2    *Manheim Investments, Inc.* 775 F.3d 1193, 1198 n. 1 (9th Cir. 2015) (explaining that even when the

3    court is persuaded the amount in controversy exceeds $5,000,000, defendants are still free to

4    challenge the actual amount of damages at trial because they are only estimating the amount in

5    controversy).

6        33.    Because the named Plaintiffs and Defendant are diverse and the amount in

7    controversy exceeds $5,000,000, exclusive of interest and costs, this Court has original diversity

8    jurisdiction pursuant to the CAFA.

9    **VI.**   **NOTICE TO PLAINTIFFS AND STATE COURT**

10       34.    Contemporaneously with the filing of this Notice in this Court, written notice of such

11   filing will be provided to Plaintiffs' counsel of record, Benjamin Law Group, P.C.

12   A COPY OF THIS NOTICE OF REMOVAL WILL ALSO BE FILED WITH THE CLERK OF

13   THE SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA.

14   **VII.**   **CONCLUSION**

15       35.    WHEREFORE, having provided notice as required by law, Defendant hereby

16   removes the action now pending against it in the Superior Court of the State of California, County of

17   Alameda, to this Honorable Court, and requests that this Court retain jurisdiction for all further

18   proceedings.

19   Dated:      February 16,  2018

20

21                                         */S/ JoAnna L. Brooks*

22                                         JOANNA L. BROOKS
                                      MICHAEL W. NELSON

23                                         LITTLER MENDELSON, P.C.
                                      Attorneys for Defendant

24                                         NSMG SHARED SERVICES, LLC
                                      (Sued herein erroneously as Northstar

25                                         Memorial Group; Northstar Memorial Group
                                      d/b/a Chapel of the Chimes; Chapel of the

26                                         Chimes; and NSMG Shared Services, LLC
                                      d/b/a Northstar Memorial Group Shared

27                                         Services LLC)

28   Firmwide:152672507.4 082187.1013

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA  94597
925 932 2468

EXHIBIT A

1  BENJAMIN LAW GROUP, P.C.
   NA'IL BENJAMIN, ESQ. (SBN 240354)
2  nbenjamin@benjaminlawgroup.com
   ALLYSSA VILLANUEVA, ESQ. (SBN 312935)
3  allyssa@benjaminlawgroup.com
   1290 B Street, Suite 314
4  Hayward, California 94541
   Telephone:    (510) 897-9967
5  Facsimile:    (510) 439-2632

6  Attorneys for Plaintiffs Uschold, et al.

7

8              SUPERIOR COURT OF CALIFORNIA

9              FOR THE COUNTY OF ALAMEDA

10 WILLIAM USCHOLD and TYRONE            CASE NO.   HG 18889207
   DANGERFIELD, each individually and on
11 behalf of others similarly situated,     UNLIMITED CIVIL COMPLAINT

12                                          CLASS AND REPRESENTATIVE
                Plaintiff,                  ACTION
13
                                           Complaint For:
14        vs.

15 NORTHSTAR MEMORIAL GROUP, an             (1) Unlawful Collection of Wages
   Unincorporated Association; NORTHSTAR        Earned Under Cal. Lab. Code
16 MEMORIAL GROUP d/b/a CHAPEL OF THE           Section 221;
   CHIMES, an Unincorporated Association;    (2) Unauthorized Deduction Under
17 CHAPEL OF THE CHIMES, an                     Cal. Lab. Code Section 224;
   Unincorporated Association domiciled in   (3) Failure to Reimburse For All
18 California; NSMG SHARED SERVICES, LLC,       Necessary and Reasonable
   a foreign California forfeited entity; NSMG  Expenditures And Losses Under
19 SHARED SERVICES, LLC d/b/a                   Cal. Lab. Code Section 2802;
   NORTHSTAR MEMORIAL GROUP                 (4) Violation of Cal. Business &
20 SHARED SERVICES, LLC, a foreign              Professions Code Section 17200;
   California forfeited entity; and DOES 1-50, (5) Failure to Pay Wages Under Cal.
21 inclusive,                                   Lab. Code Section 510 et seq.

22              Defendants..
                                           DEMAND FOR JURY TRIAL
23

24

25

26

27

28
                              - 1 -
   UNLIMITED CIVIL COMPLAINT - JURY TRIAL DEMANDED
   CASE NO.

## INTRODUCTION

1.    Individual and representative Plaintiffs, TYRONE DANGERFIELD and WILLIAM USCHOLD bring this class and representative action on behalf of themselves and all of the commissioned employees ("Employees") employed by Defendants NORTHSTAR MEMORIAL GROUP, an Unincorporated Association; NORTHSTAR MEMORIAL GROUP d/b/a CHAPEL OF THE CHIMES, an Unincorporated Association; CHAPEL OF THE CHIMES, an Unincorporated Association domiciled in California; NSMG SHARED SERVICES, LLC, a foreign California forfeited entity; NSMG SHARED SERVICES, LLC d/b/a NORTHSTAR MEMORIAL GROUP SHARED SERVICES, LLC, a foreign California forfeited entity; and DOES 1-50, inclusive, from the date four years prior to filing this Complaint through the date of trial in this action.

2.    Defendants violate the California Labor Code through their commission payment system. On a weekly basis, Defendants advance commission or "points" to Employees who must meet the quota set by Defendants to actually earn the commission. If the quota is unmet, Defendants recoup or "chargeback" the commission each week. The chargebacks are cumulative so that an Employee may still owe a chargeback on a week he did earn the commission. Yet, if an Employee exceeds the quota, his excess commission or points are neither paid nor accumulated to offset future weeks. Defendants set the quota based on a 40-hour work week regardless of whether an Employee actually works 40 hours in a week. Moreover, Plaintiffs were unaware of the terms of the commission system and its operation until several months into employment. Additionally, Defendants required or knew that Employees used personal property for work including personal vehicles for travel to meet with clients and prospective clients and personal cell phones for business calls. Defendants failed to reimburse all necessary and reasonable business expenses as required by California law. Defendants have violated numerous Labor Code provisions in its operation of the commission system without express authorization from Employees and resulting in unlawful deductions of earned commissions as well as its failure to reimburse Employees when they incurred business-related expenses. Plaintiffs also allege that these acts, which violate the California Labor Code, constitute unlawful and unfair business practices in violation of California

- 2 -

UNLIMITED CIVIL COMPLAINT - JURY TRIAL DEMANDED
CASE NO.

1    Unfair Competition Laws ("UCL").  Plaintiffs also claim civil penalties for the above acts, and

2    upon proof of Defendants' failures to pay minimum wage and overtime for non-exempt employees

3    that do not satisfy the outside salesperson requirements.

4        3.    In this action, Plaintiffs, on behalf of themselves and all class members, seek unpaid

5    wages, reimbursement for necessary and reasonable business expenses, statutory penalties,

6    injunctive relief, attorneys' fees and costs, prejudgment interest, and other relief the court may

7    deem appropriate.

8        4.    The "Class Period" is designated as the time from four years prior to filing this

9    Complaint through the date of trial based upon the allegations that the violations of the Labor Code

10   and the UCL have been ongoing since at least four years prior to the date of this Complaint and are

11   continuing.

12                        **JURISDICTION AND VENUE**

13       5.    Jurisdiction is proper because Defendants operated as employers in the State of

14   California.  This Court has jurisdiction over the Labor Code claims relating to the commission

15   system and unpaid wages pursuant to Labor Code sections 510 and 1194; and over the claims for

16   failure to reimburse necessary and reasonable business expenses pursuant to Labor Code section

17   2802.

18       6.    Venue in Alameda County is appropriate under California Code of Civil Procedure

19   section 395(a) because the unlawful practices alleged herein were committed in the County of

20   Alameda; Defendants and/or DOES 1-50 maintain offices in the County of Alameda, and Plaintiffs

21   worked for Defendants in the County of Alameda.

22                              **PARTIES**

23   I.    **Individual Plaintiffs.**

24

25       7.    Plaintiff William Uschold was employed by Defendants from around May 24, 2017

26   until Defendants unilaterally terminated his employment in or around November 2017. Uschold

27   was induced to work for Defendants by representations from Regional Manager Robin Russell who

28   promised Uschold a position as a Regional Manager, an off-site office, and a budget for his sales

                                - 3 -

UNLIMITED CIVIL COMPLAINT - JURY TRIAL DEMANDED
CASE NO.

team. Instead, Uschold was hired to the lower-ranking position of Outside Supervisor and his primary job duties was supervision of telemarketing employees and outside representatives. Uschold was subject to Defendants' commission system as were all employees he supervised. Uschold worked out of Defendants' offices in Oakland, CA, Hayward, CA and Half Moon Bay, CA. Plaintiff Tyrone Dangerfield was employed with Defendants from May 24, 2017 to around October 9, 2017. Dangerfield worked in the position of Family Services Counselor at Defendants' location in Hayward, CA. Dangerfield's job duties included client relations, administration, and correspondence for funeral service arrangements and burial product purchases.

## II. Defendants.

8. On information and belief, Defendant CHAPEL OF THE CHIMES is a California business operating in Hayward, CA located in Alameda County. CHAPEL OF THE CHIMES is also a California business association pursuant to Code of Civil Procedure section 369.5 knowns as Chapel of the Chimes with its home and principal places of business in Hayward, California. Defendant NSMG SHARED SERVICES, LLC is registered as a foreign entity in California but its status has been forfeited. A forfeited entity is prohibited from doing business in California. It is also unlawful for such an entity to appear in a California court, through counsel, or otherwise while it has a forfeited corporate status. *See* California Revenue and Taxation Code § 23301; California Corporations Code § 2203(c).

9. Plaintiffs are informed and believe that Defendant NORTHSTAR MEMORIAL GROUP is an unincorporated association under Code of Civil Procedure section 369.5 and it does business as Northstar Memorial Group and as Chapel of the Chimes and as NSMG Shares Services, LLC. Each unincorporated association is domiciled in Hayward, California notwithstanding an ambiguous corporate relationship to other Texas-based corporate entities.

10. NSMG Shared Services, LLC also does business in California as North Star Memorial Group Shared Services, LLC.

11. Upon information and belief, all Defendants are joint employers and a joint corporation operating and employing California citizens under the laws of the state of California

- 4 -

UNLIMITED CIVIL COMPLAINT - JURY TRIAL DEMANDED
CASE NO.

throughout the state of California.  Defendants' Bay Area business operates as Chapel of the

Chimes; including numerous deviations of this name.  Defendants operate under additional names

throughout California and employ class members in these locations, amongst others: Accucare

Cremation and Funerals in San Diego, Carlsbad, and Fullerton); Chapel of the Chimes Mortuary,

Crematory and Cemetery (Hayward); Chapel of the Chimes Mortuary, Crematory and

Columbarium (Oakland); Claremont Mortuary (San Diego); Greenwood Mortuary, Crematory and

Memorial Park (San Diego); Skylawn Funeral Home, Crematory and Memorial Park (San Mateo);

Smart Cremation California (Rancho Mirage); Sunset Lawn/Chapel of the Chimes Mortuary, and

Crematory and Cemetery (Sacramento).  Defendants shall be referred to as "COC" or Chapel of the

Chimes throughout the remainder of this Complaint.

12.     Defendants DOES 1-50 are sued herein under fictitious names.  Their true names and

capacities, whether individual, corporate, associate, or otherwise, are unknown to Plaintiffs.

Plaintiffs are informed and believe and based thereon allege that each of the Defendants sued

herein as a Doe is responsible in some manner for the events and happenings herein set forth and

proximately caused injury and damages, and any reference to "Defendant" shall mean "Defendants,

and each of them."  Plaintiffs will amend this complaint to show their true names and capacities

when they have been ascertained.

## FACTUAL BACKGROUND

### I.     Commission-Based Payment System.

13.     COC purports to initially provide its Employees with a base compensation at the

applicable minimum wage, plus commissions based on the value of products and services sold.

The commission system is referred to as "Production Incentive Pay" which utilizes a point system

to denote each sales dollar earned.

14.     Commission pay is supposed to be earned on a weekly basis.  However, COC

advances Employees 42,000 points each week which equates to a quota of $420.00 in products and

services the employee is supposed to sale each week.  Due to the higher minimum wage in

Oakland, COC advances Employees at its Oakland, CA location 52,000 points a week which

equates to a quota of $520.00 in products and services.  The Employees must meet the quota each

UNLIMITED CIVIL COMPLAINT - JURY TRIAL DEMANDED
CASE NO.

1   week to actually earn the commission. If an Employee fails to meet the quota any week, the

2   difference between the quota and what was actually earned by the Employee is charged back to the

3   employee. These chargebacks are cumulative and stack-up each week an employee does not reach

4   quota. Thus, if an Employee fails to reach quota in the first week of the month, the Employee will

5   have a negative balance regardless of whether that employee worked 40 hours, missed work due to

6   illness or vacation, or actually worked 50 hours in that week. However, if an Employee exceed the

7   quota, those excess points are lost and no additional compensation is actually provided.

8        15.    COC immediately imposed the commission point system on Plaintiffs without

9   written notice, explanation, or agreement. Plaintiffs Uschold and Dangerfield received training

10  during the first two weeks of their employment working only 20 hours per week. COC accounted

11  the full 42,000 points (based on a 40-hour work week) against Plaintiffs during their training weeks

12  without their knowledge. Plaintiffs were not made aware of the commission system and point debt

13  until three months into their employment.

14       16.    Plaintiffs received no other forms of compensation from COC. This compensation

15  system was "rolled-out" to all sales employees throughout the state of California.

16  **II.    Work Related Use of Personal Property.**

17       17.    Plaintiff Uschold was tasked with sales and supervision of employees who

18  conducted sales. Uschold knows that COC required sales employees throughout California to

19  travel to COC's various locations, to meet with current and prospective clients at their homes, and

20  to travel around each COC location which all include large burial ground areas. These Employees

21  used their personal vehicles for travel incurring costs including, but not limited to, gas, vehicle

22  registration, maintenance, and toll fare.

23       18.    COC's policy is to not reimburse sales employees for use of their personal vehicles

24  in the course of their job duties. COC does not provide a company vehicle but requires these

25  employees to travel in order to perform their job duties.

26       19.    Plaintiffs Uschold and Dangerfield were required to incur these same costs and

27  expenses as sales employees when required to visit clients or prospective clients at their homes to

28  complete tasks like paperwork and authorizations. These types of travel and visits were routine

- 6 -

**UNLIMITED CIVIL COMPLAINT - JURY TRIAL DEMANDED**
**CASE NO.**

and customary for COC sales employees in the state of California.  This includes the use of cell phones to perform these essential job functions.

20.    Plaintiffs' compensation did not include reimbursement for any work-related expenses.

## CLASS AND REPRESENTATIVE ACTION

21.    Pursuant to California Code of Civil Procedure § 382, this action is brought as a representative action as to claims for unlawful wage deductions and failure to reimburse necessary and reasonable business expenses under the Labor Codes and UCL.  Plaintiffs are representative of other commissioned employees and are acting on behalf of their interests.  The similarly situated employees are known to COC and readily identifiable through COC's own records.  The Class Plaintiffs seek to represent is defined as:

> All former and current commissioned employees ("Class Members") employed by Defendants within the State of California within four years of the filing of this Complaint until the entry of judgment after trial.

Plaintiffs also propose that the Class will be subdivided into three sub-classes consisting of:

> (1) **all Class members that were not reimbursed for reasonable and necessary costs incurred in relationship to the use of personal property as required by California law;** including, but not limited to, gas, mileage, insurance, vehicle registration, and toll fare, for personal vehicle use; and monthly payment for cell phone use;

> (2) all Class members subjected to unlawful payroll deductions; and

> (3) all Class members that were not provided an accurate written commission agreement.

Membership in one subclass is not mutually exclusive of membership in the other subclass, Plaintiffs believe that many or most Class members are members of all subclasses.

22.    The persons in the Class, and in each subclass, are so numerous that joinder is impracticable, and the disposition of these claims in a class action rather than in individual actions will benefit the parties and the Court. On information and belief, the Class consists of more than 50 people. Plaintiffs further allege, based on information and belief, that there is not less than 5 people in each subclass.

23.    There is a well-defined community of interest in common questions of law and fact.

- 7 -

UNLIMITED CIVIL COMPLAINT - JURY TRIAL DEMANDED
CASE NO.

Common questions of law and fact include questions raised by the individual Plaintiffs' allegations that Defendants failed to reimburse necessary and reasonable business expenses and unlawfully deducted wages in violation of various state laws. The common questions apply to the Class in that they are all subject to the same policies, acts, and omissions of Defendants. Common questions of law and fact include:

   a) Whether Defendants' failure to reimburse reasonable and necessary travel expenses incurred violates Labor Code § 2802;

   b) Whether Defendants' failure to reimburse reasonable and necessary personal cell phone use by its Employees work-related purposes violates Labor Code § 2802;

   c) Whether Defendants' commission compensation method violates Labor Code § 221;

   d) Whether Defendants' failure to obtain authorization and assent from Employees to deduct from commission actually earned violates Labor Code § 224;

   e) Whether Defendants' various violations of the Labor Code serve as predicate violations of the UCL; and

   f) Whether Defendants owe Employees waiting time penalties for failure to timely pay all wages earned.

24.   Common questions of law and fact predominate over any questions affecting only individual Class members.

25.   Plaintiffs' claims are typical of those of the claims of the Class as a whole because the individual Plaintiffs are similarly affected by Defendants' policies, acts, and omissions.

26.   Plaintiffs are adequate class representatives because they are directly affected by Defendants' acts and omissions. Plaintiffs have no interests that conflict with or are antagonistic to the interests of the Class. Plaintiffs and counsel are aware of their fiduciary responsibilities to the Class members and have experience in representing clients in class and individual actions involving employment rights.

27.   There is no plain, speedy, or adequate remedy other than by maintenance of this class action. The prosecution of individual remedies by members of the Class will tend to establish inconsistent standards of conduct for the Defendants and result in the impairment of Class

- 8 -

UNLIMITED CIVIL COMPLAINT - JURY TRIAL DEMANDED
CASE NO.

1   members' rights and the disposition of their interests through actions to which they were not

2   parties.

3        28.    References to Plaintiffs below shall include each individual Plaintiff and each

4   member of the proposed Class, unless otherwise indicated.

5   **FIRST CAUSE OF ACTION**

6   **UNLAWFUL DEDUCTION OF WAGES UNDER LABOR CODE SECTION 221**

7   **(All Plaintiffs Against All Defendants)**

8        29.    Plaintiffs re-allege and incorporate paragraphs 1 through 28 inclusive, of this

9   Complaint as though fully set forth herein.

10       30.    Defendants' commission system resulted in deductions from commission actually

11  earned by operation of its rollover points system for weeks an Employee did not meet the set quota.

12  Once a commission is earned, it is considered a wage which is unlawful for an employer to recoup.

13  *See Koehl v. Verio, Inc.* (2006) 142 Cal. App. 4th 1313, 1329-1337.  Furthermore, Defendants

14  accumulated the deficit points against Employees but not commission points earned in excess of

15  the quota.

16       31.    As a result of Defendants' unlawful policies and acts, Plaintiffs are owed unpaid

17  wages plus interest, penalties, and attorneys' fees and costs.

18  **SECOND CAUSE OF ACTION**

19  **UNAUTHORIZED DEDUCTION OF WAGES IN VIOLATION OF LABOR CODE**

20  **SECTION 224**

21  **(All Plaintiffs Against All Defendants)**

22       32.    Plaintiffs re-allege and incorporate paragraphs 1 through 31, inclusive, of this

23  Complaint as though fully set forth herein.

24       33.    Defendants subjected Plaintiffs to its commission-based system without express

25  written consent or acknowledgement. As earlier alleged and explained, Defendants commission

26  policy operates to deduct from commissions actually earned. There is strong public policy

27  requiring an express agreement from the employee to an employer's right to recoup or charge back

28  commission under specific circumstances. *See Koehl*, 142 Cal. App. 4th at 1334. Thus, Defendants

- 9 -

1    failure to inform Plaintiffs of operation and terms of its commission system makes the deductions

2    to commissions earned unauthorized and unlawful.

3        34.     As a result of Defendants' unlawful acts and omissions, Plaintiffs are owed unpaid

4    wages plus interest, penalties, and attorneys' fees and costs.

5                      **THIRD CAUSE OF ACTION**

6     **FAILURE TO REIMBURSE FOR REASONABLE AND NECESSARY BUSINESS**

7           **EXPENSES UNDER LABOR CODE SECTION 2802**

8                **(All Plaintiffs Against All Defendants)**

9        35.     Plaintiffs re-allege and incorporate paragraphs 1 through 34, inclusive, of this

10    Complaint as though fully set forth herein.

11        36.     Defendants have failed to reimburse Plaintiffs for costs and expenses the Plaintiffs

12    incurred when they were required to use their personal property as a necessary part of performing

13    their job duties for Defendants thereby relieving Defendants of those business expenses.

14        37.     As a result of the unlawful acts of Defendants, and each of them, Plaintiffs and the

15    Class are owed expense reimbursement in amounts to be proven at trial, and are entitled to

16    recovery of such amounts, plus interest, penalties, and attorney's fees and costs.

17                    **FOURTH CAUSE OF ACTION**

18    **VIOLATION OF CALIFORNIA'S UNFAIR COMPETITION LAWS, CAL. BUSINESS &**

19            **PROFESSIONS CODE SECTION 17200**

20                **(All Plaintiffs Against All Defendants)**

21        38.     Plaintiffs re-allege and incorporate paragraphs 1 through 37, inclusive, of this

22    Complaint as though fully set forth herein.

23.        39.     By the conduct described above, Defendants have violated the provisions of the

24    Labor Code, and the Unfair Competition Law, codified at Business & Professions Code Sections

25    17200 et seq. by engaging in unfair, unlawful, and oppressive activity.

26        40.     The unlawful and unfair business practices conducted by Defendants are ongoing

27    and present a threat and likelihood of continuing against Defendants' current employees.

28    Accordingly, Plaintiffs and the Class seek preliminary and permanent injunctive relief.

**UNLIMITED CIVIL COMPLAINT - JURY TRIAL DEMANDED**
**CASE NO.**

1       41.    Defendants generated income and reduced its employee costs as a direct result of

2   the above-mentioned unlawful and unfair business practices. Plaintiff and the Class are therefore

3   entitled to restitution of any and all monies received by Defendants, and each of them, while

4   engaged in such practices.

5       42.    As a result, Plaintiffs and the Class are entitled to restitution of their unpaid

6   commissions, costs, and expenses in addition to interest, penalties, reasonable attorney's fees and

7   costs.

8   **PRAYER FOR RELIEF**

9       WHEREFORE, Plaintiffs, individually and on behalf of all Class members and/or other

10  persons similarly situated, respectfully prays for judgment against Defendants, and each of them,

11  according to proof, as follows:

12      a.  For unpaid costs and expenses, according to proof in the amount of $ 7,200,000.00;

13      b.  For restitution of unpaid costs and expenses pursuant to Business & Professions Code

14         Sections 17200 et seq.;

15      c.  For interest at the maximum legal rate;

16      d.  For attorney's fees authorized by statute;

17      e.  For costs of suit incurred herein; and

18      f.  For such other and further relief as the Court may deem just and proper.

19

20  Dated: January 16, 2018            Benjamin Law Group, P.C.

21

22                      By                       

                            NA'IL BENJAMIN

23                              Attorneys for Plaintiffs

                            William Uschold et al.

24

25

26

27

28

- 11 -

**UNLIMITED CIVIL COMPLAINT - JURY TRIAL DEMANDED**
**CASE NO.**

1

## DEMAND FOR JURY TRIAL

2  43.        Plaintiffs, on behalf of themselves and all others similarly situated, hereby requests

3  a jury trial on the claims so triable.

4

5  Dated: January 16, 2018                    Benjamin Law Group, P.C.

6

7  By  _____
   NA'IL BENJAMIN
8     Attorneys for Plaintiffs

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 12 -

UNLIMITED CIVIL COMPLAINT - JURY TRIAL DEMANDED
CASE NO.

# EXHIBIT B

SUM-100

# SUMMONS
## (CITACION JUDICIAL)



FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

ENDORSED
FILED
ALAMEDA COUNTY

JAN 17 2018

CLERK ... ... ... ... COURT
... D. OLIVER, Deputy

**NOTICE TO DEFENDANT:**
**(AVISO AL DEMANDADO):**

NORTHSTAR MEMORIAL GROUP, an Unincorporated Association;
(additional parties attachment form [SUM-200(A)] is attached)

**YOU ARE BEING SUED BY PLAINTIFF:**
**(LO ESTÁ DEMANDANDO EL DEMANDANTE):**

WILLIAM USCHOLD and TYRONE DANGERFIELD, each
individually and on behalf of others similarly situated.

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

| | |
|---|---|
| The name and address of the court is:<br>(El nombre y dirección de la corte es:) Alameda Superior Court<br><br>24405 Amador Street<br>Hayward, CA 94544; Hayward Hall of Justice | CASE NUMBER:<br>(Número del Caso):<br>**RG 18888927** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):
Nail Benjamin; 1290 B St., Ste. 314 Hayward, CA 94541; (510) 897-9967

| DATE:<br>(Fecha) JAN 17 2018 | Chad Finke | Clerk, by<br>(Secretario) | D. OLIVER | , Deputy<br>(Adjunto) |
|---|---|---|---|---|

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):

3. ☒ on behalf of (specify): NSMG Shared Services, LLC, a foreign California forfeited entity

under: ☐ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
☒ other (specify): Corporation Code 17061
4. ☐ by personal delivery on (date):

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

SUM-200(A)

| SHORT TITLE: Uschold, et. al. v. Northstar Memorial Group. et. al. | CASE NUMBER |
|---|---|

**INSTRUCTIONS FOR USE**

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.
→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

List additional parties *(Check only one box. Use a separate page for each type of party.):*

☐ Plaintiff   ☑ Defendant   ☐ Cross-Complainant   ☐ Cross-Defendant

NORTHSTAR MEMORIAL GROUP d/b/a CHAPEL OF THE CHIMES, an Unincorporated Association; CHAPEL OF THE CHIMES, an Unincorporated Association domiciled in California; NSMG SHARED SERVICES, LLC, a foreign California forfeited entity; NSMG SHARED SERVICES, LLC d/b/a NORTHSTAR MEMORIAL GROUP SHARED SERVICES, LLC, a foreign California forfeited entity; and DOES 1-50, inclusive

Page __1__ of __1__
Page 1 of 1

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*:<br>Na'il Benjamin, Esq. (SBN 240354); Allyssa Villanueva, Esq (SBN 312935)<br>BENJAMIN LAW GROUP<br>1290 B Street, Ste. 314<br>Hayward CA 94541 | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO.: 510-897-9967    FAX NO.: 510-439-2632 | ~~~~~ ~~~~~~<br>~~~~~~ |
| ATTORNEY FOR *(Name)*: William Uschold and Tyrone Dangerfield | JAN 1 7 2018 |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Alameda | |
| STREET ADDRESS: 24405 Amador Street | CLERK ~~~~~~~~~~ COURT |
| MAILING ADDRESS: | By: D. ~~~~~~~ ~~~~~ |
| CITY AND ZIP CODE: Hayward, CA 94544 | |
| BRANCH NAME: Hayward Hall of Justice | |

| CASE NAME:<br>William Uschold, et. al. v. Northstar Memorial Group, et. al., DOES 1-50 | |
|---|---|

| CIVIL CASE COVER SHEET | | Complex Case Designation | CASE NUMBER:<br>HG18009207 |
|---|---|---|---|
| ☑ Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | ☐ Limited<br>(Amount<br>demanded is<br>$25,000 or less) | ☐ Counter    ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE<br><br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

**1. Check one box below for the case type that best describes this case:**

| Auto Tort | Contract | Provisionally Complex Civil Litigation<br>(Cal. Rules of Court, rules 3.400–3.403) |
|---|---|---|
| ☐ Auto (22) | ☐ Breach of contract/warranty (06) | ☐ Antitrust/Trade regulation (03) |
| ☐ Uninsured motorist (46) | ☐ Rule 3.740 collections (09) | ☐ Construction defect (10) |
| Other PI/PD/WD (Personal Injury/Property<br>Damage/Wrongful Death) Tort | ☐ Other collections (09) | ☐ Mass tort (40) |
| ☐ Asbestos (04) | ☐ Insurance coverage (18) | ☐ Securities litigation (28) |
| ☐ Product liability (24) | ☐ Other contract (37) | ☐ Environmental/Toxic tort (30) |
| ☐ Medical malpractice (45) | Real Property | ☐ Insurance coverage claims arising from the<br>above listed provisionally complex case<br>types (41) |
| ☐ Other PI/PD/WD (23) | ☐ Eminent domain/Inverse<br>condemnation (14) | |
| Non-PI/PD/WD (Other) Tort | ☐ Wrongful eviction (33) | Enforcement of Judgment |
| ☐ Business tort/unfair business practice (07) | ☐ Other real property (26) | ☐ Enforcement of judgment (20) |
| ☐ Civil rights (08) | Unlawful Detainer | Miscellaneous Civil Complaint |
| ☐ Defamation (13) | ☐ Commercial (31) | ☐ RICO (27) |
| ☐ Fraud (16) | ☐ Residential (32) | ☐ Other complaint *(not specified above)* (42) |
| ☐ Intellectual property (19) | ☐ Drugs (38) | Miscellaneous Civil Petition |
| ☐ Professional negligence (25) | Judicial Review | ☐ Partnership and corporate governance (21) |
| ☐ Other non-PI/PD/WD tort (35) | ☐ Asset forfeiture (05) | ☐ Other petition *(not specified above)* (43) |
| Employment | ☐ Petition re: arbitration award (11) | |
| ☐ Wrongful termination (36) | ☐ Writ of mandate (02) | |
| ☑ Other employment (15) | ☐ Other judicial review (39) | |

**2.** This case ☐ is  ☑ is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the
factors requiring exceptional judicial management:

  a. ☐ Large number of separately represented parties     d. ☐ Large number of witnesses

  b. ☐ Extensive motion practice raising difficult or novel
      issues that will be time-consuming to resolve     e. ☐ Coordination with related actions pending in one or more courts
                              in other counties, states, or countries, or in a federal court

  c. ☐ Substantial amount of documentary evidence     f. ☐ Substantial postjudgment judicial supervision

**3.** Remedies sought *(check all that apply)*: a. ☑ monetary    b. ☐ nonmonetary; declaratory or injunctive relief    c. ☐ punitive

**4.** Number of causes of action *(specify)*:  FIVE

**5.** This case ☑ is  ☐ is not  a class action suit.

**6.** If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: January 16, 2018

NA'IL BENJAMIN
*(TYPE OR PRINT NAME)*                                            *(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)*

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed
under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result
in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all
other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |
|---|---|---|

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
  Auto (22)–Personal Injury/Property
    Damage/Wrongful Death
  Uninsured Motorist (46) *(if the
    case involves an uninsured
    motorist claim subject to
    arbitration, check this item
    instead of Auto)*
**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
  Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
      Wrongful Death
  Product Liability *(not asbestos or
    toxic/environmental)* (24)
  Medical Malpractice (45)
    Medical Malpractice–
      Physicians & Surgeons
    Other Professional Health Care
      Malpractice
  Other PI/PD/WD (23)
    Premises Liability (e.g., slip
      and fall)
    Intentional Bodily Injury/PD/WD
      (e.g., assault, vandalism)
    Intentional Infliction of
      Emotional Distress
    Negligent Infliction of
      Emotional Distress
    Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
  Business Tort/Unfair Business
    Practice (07)
  Civil Rights (e.g., discrimination,
    false arrest) *(not civil
    harassment)* (08)
  Defamation (e.g., slander, libel)
    (13)
  Fraud (16)
  Intellectual Property (19)
  Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
      *(not medical or legal)*
  Other Non-PI/PD/WD Tort (35)
**Employment**
  Wrongful Termination (36)
  Other Employment (15)

**Contract**
  Breach of Contract/Warranty (06)
    Breach of Rental/Lease
      Contract *(not unlawful detainer
      or wrongful eviction)*
    Contract/Warranty Breach–Seller
      Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/
      Warranty
    Other Breach of Contract/Warranty
  Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections
      Case
  Insurance Coverage *(not provisionally
    complex)* (18)
    Auto Subrogation
    Other Coverage
  Other Contract (37)
    Contractual Fraud
    Other Contract Dispute
**Real Property**
  Eminent Domain/Inverse
    Condemnation (14)
  Wrongful Eviction (33)
  Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent
      domain, landlord/tenant, or
      foreclosure)*
**Unlawful Detainer**
  Commercial (31)
  Residential (32)
  Drugs (38) *(if the case involves illegal
    drugs, check this item; otherwise,
    report as Commercial or Residential)*
**Judicial Review**
  Asset Forfeiture (05)
  Petition Re: Arbitration Award (11)
  Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
      Case Matter
    Writ–Other Limited Court Case
      Review
  Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor
      Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
  Antitrust/Trade Regulation (03)
  Construction Defect (10)
  Claims Involving Mass Tort (40)
  Securities Litigation (28)
  Environmental/Toxic Tort (30)
  Insurance Coverage Claims
    *(arising from provisionally complex
    case type listed above)* (41)
**Enforcement of Judgment**
  Enforcement of Judgment (20)
    Abstract of Judgment (Out of
      County)
    Confession of Judgment *(non-
      domestic relations)*
    Sister State Judgment
    Administrative Agency Award
      *(not unpaid taxes)*
    Petition/Certification of Entry of
      Judgment on Unpaid Taxes
    Other Enforcement of Judgment
      Case
**Miscellaneous Civil Complaint**
  RICO (27)
  Other Complaint *(not specified
    above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-
      harassment)*
    Mechanics Lien
    Other Commercial Complaint
      Case *(non-tort/non-complex)*
    Other Civil Complaint
      *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
  Partnership and Corporate
    Governance (21)
  Other Petition *(not specified
    above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
      Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late
      Claim
    Other Civil Petition

CM-010 [Rev. July 1, 2007]
**CIVIL CASE COVER SHEET**
Page 2 of 2

1   BENJAMIN LAW GROUP, P.C.
    NA'IL BENJAMIN, ESQ. (SBN 240354)
2   nbenjamin@benjaminlawgroup.com
    ALLYSSA VILLANUEVA, ESQ. (SBN 312935)
3   allyssa@benjaminlawgroup.com
    1290 B Street, Suite 314
4   Hayward, California 94541
    Telephone:    (510) 897-9967
5   Facsimile:    (510) 439-2632

6   Attorneys for Plaintiffs Uschold, et al.

7

8                   SUPERIOR COURT OF CALIFORNIA

9                   FOR THE COUNTY OF ALAMEDA

10

11  WILLIAM USCHOLD and TYRONE          CASE NO.  HL16889207
    DANGERFIELD, each individually and on
12  behalf of others similarly situated,    UNLIMITED CIVIL COMPLAINT

13                    Plaintiff.            **CLASS AND REPRESENTATIVE
                                            ACTION**
14        vs.
                                            **Complaint For:**
15  NORTHSTAR MEMORIAL GROUP, an
    Unincorporated Association; NORTHSTAR   (1) **Unlawful Collection of Wages
16  MEMORIAL GROUP d/b/a CHAPEL OF THE          Earned Under Cal. Lab. Code
    CHIMES, an Unincorporated Association;      Section 221;**
17  CHAPEL OF THE CHIMES, an             (2) **Unauthorized Deduction Under
    Unincorporated Association domiciled in     Cal. Lab. Code Section 224;**
18  California; NSMG SHARED SERVICES, LLC,  (3) **Failure to Reimburse For All
    a foreign California forfeited entity; NSMG    Necessary and Reasonable
19  SHARED SERVICES, LLC d/b/a               Expenditures And Losses Under
    NORTHSTAR MEMORIAL GROUP                Cal. Lab. Code Section 2802;**
20  SHARED SERVICES, LLC, a foreign      (4) **Violation of Cal. Business &
    California forfeited entity; and DOES 1-50,   Professions Code Section 17200;**
21  inclusive,                           (5) **Failure to Pay Wages Under Cal.
                                            Lab. Code Section 510 et seq.**
22                    Defendants..

23                                        **DEMAND FOR JURY TRIAL**

24

25

26

27

28
                              - 1 -
    **UNLIMITED CIVIL COMPLAINT - JURY TRIAL DEMANDED**
    **CASE NO.**

**INTRODUCTION**

1.     Individual and representative Plaintiffs, TYRONE DANGERFIELD and WILLIAM USCHOLD bring this class and representative action on behalf of themselves and all of the commissioned employees ("Employees") employed by Defendants NORTHSTAR MEMORIAL GROUP, an Unincorporated Association; NORTHSTAR MEMORIAL GROUP d/b/a CHAPEL OF THE CHIMES, an Unincorporated Association; CHAPEL OF THE CHIMES, an Unincorporated Association domiciled in California; NSMG SHARED SERVICES, LLC, a foreign California forfeited entity; NSMG SHARED SERVICES, LLC d/b/a NORTHSTAR MEMORIAL GROUP SHARED SERVICES, LLC, a foreign California forfeited entity; and DOES 1-50, inclusive, from the date four years prior to filing this Complaint through the date of trial in this action.

2.     Defendants violate the California Labor Code through their commission payment system. On a weekly basis, Defendants advance commission or "points" to Employees who must meet the quota set by Defendants to actually earn the commission. If the quota is unmet, Defendants recoup or "chargeback" the commission each week. The chargebacks are cumulative so that an Employee may still owe a chargeback on a week he did earn the commission. Yet, if an Employee exceeds the quota, his excess commission or points are neither paid nor accumulated to offset future weeks. Defendants set the quota based on a 40-hour work week regardless of whether an Employee actually works 40 hours in a week. Moreover, Plaintiffs were unaware of the terms of the commission system and its operation until several months into employment. Additionally, Defendants required or knew that Employees used personal property for work including personal vehicles for travel to meet with clients and prospective clients and personal cell phones for business calls. Defendants failed to reimburse all necessary and reasonable business expenses as required by California law. Defendants have violated numerous Labor Code provisions in its operation of the commission system without express authorization from Employees and resulting in unlawful deductions of earned commissions as well as its failure to reimburse Employees when they incurred business-related expenses. Plaintiffs also allege that these acts, which violate the California Labor Code, constitute unlawful and unfair business practices in violation of California

UNLIMITED CIVIL COMPLAINT - JURY TRIAL DEMANDED
CASE NO.

1   Unfair Competition Laws ("UCL").  Plaintiffs also claim civil penalties for the above acts, and

2   upon proof of Defendants' failures to pay minimum wage and overtime for non-exempt employees

3   that do not satisfy the outside salesperson requirements.

4       3.      In this action, Plaintiffs, on behalf of themselves and all class members, seek unpaid

5   wages, reimbursement for necessary and reasonable business expenses, statutory penalties,

6   injunctive relief, attorneys' fees and costs, prejudgment interest, and other relief the court may

7   deem appropriate.

8       4.      The "Class Period" is designated as the time from four years prior to filing this

9   Complaint through the date of trial based upon the allegations that the violations of the Labor Code

10  and the UCL have been ongoing since at least four years prior to the date of this Complaint and are

11  continuing.

12                              **JURISDICTION AND VENUE**

13      5.      Jurisdiction is proper because Defendants operated as employers in the State of

14  California.  This Court has jurisdiction over the Labor Code claims relating to the commission

15  system and unpaid wages pursuant to Labor Code sections 510 and 1194; and over the claims for

16  failure to reimburse necessary and reasonable business expenses pursuant to Labor Code section

17  2802.

18      6.      Venue in Alameda County is appropriate under California Code of Civil Procedure

19  section 395(a) because the unlawful practices alleged herein were committed in the County of

20  Alameda; Defendants and/or DOES 1-50 maintain offices in the County of Alameda, and Plaintiffs

21  worked for Defendants in the County of Alameda.

22                                        **PARTIES**

23  I.    **Individual Plaintiffs.**

24

25      7.      Plaintiff William Uschold was employed by Defendants from around May 24, 2017

26  until Defendants unilaterally terminated his employment in or around November 2017. Uschold

27  was induced to work for Defendants by representations from Regional Manager Robin Russell who

28  promised Uschold a position as a Regional Manager, an off-site office, and a budget for his sales

                                        - 3 -

UNLIMITED CIVIL COMPLAINT - JURY TRIAL DEMANDED
CASE NO.

1  team. Instead, Uschold was hired to the lower-ranking position of Outside Supervisor and his

2  primary job duties was supervision of telemarketing employees and outside representatives.

3  Uschold was subject to Defendants' commission system as were all employees he supervised.

4  Uschold worked out of Defendants' offices in Oakland, CA, Hayward, CA and Half Moon Bay,

5  CA. Plaintiff Tyrone Dangerfield was employed with Defendants from May 24, 2017 to around

6  October 9, 2017. Dangerfield worked in the position of Family Services Counselor at Defendants'

7  location in Hayward, CA. Dangerfield's job duties included client relations, administration, and

8  correspondence for funeral service arrangements and burial product purchases.

9  **II.    Defendants.**

10    8.    On information and belief, Defendant CHAPEL OF THE CHIMES is a California

11  business operating in Hayward, CA located in Alameda County. CHAPEL OF THE CHIMES is

12  also a California business association pursuant to Code of Civil Procedure section 369.5 knowns as

13  Chapel of the Chimes with its home and principal places of business in Hayward, California.

14  Defendant NSMG SHARED SERVICES, LLC is registered as a foreign entity in California but its

15  status has been forfeited. A forfeited entity is prohibited from doing business in California. It is

16  also unlawful for such an entity to appear in a California court, through counsel, or otherwise while

17  it has a forfeited corporate status. *See* California Revenue and Taxation Code § 23301; California

18  Corporations Code § 2203(c).

19    9.    Plaintiffs are informed and believe that Defendant NORTHSTAR MEMORIAL

20  GROUP is an unincorporated association under Code of Civil Procedure section 369.5 and it does

21  business as Northstar Memorial Group and as Chapel of the Chimes and as NSMG Shares

22  Services, LLC. Each unincorporated association is domiciled in Hayward, California

23  notwithstanding an ambiguous corporate relationship to other Texas-based corporate entities.

24    10.    NSMG Shared Services, LLC also does business in California as North Star

25  Memorial Group Shared Services, LLC.

26    11.    Upon information and belief, all Defendants are joint employers and a joint

27  corporation operating and employing California citizens under the laws of the state of California

28

- 4 -

1  throughout the state of California. Defendants' Bay Area business operates as Chapel of the

2  Chimes; including numerous deviations of this name. Defendants operate under additional names

3  throughout California and employ class members in these locations, amongst others: Accucare

4  Cremation and Funerals in San Diego, Carlsbad, and Fullerton); Chapel of the Chimes Mortuary,

5  Crematory and Cemetery (Hayward); Chapel of the Chimes Mortuary, Crematory and

6  Columbarium (Oakland); Claremont Mortuary (San Diego); Greenwood Mortuary, Crematory and

7  Memorial Park (San Diego); Skylawn Funeral Home, Crematory and Memorial Park (San Mateo);

8  Smart Cremation California (Rancho Mirage); Sunset Lawn/Chapel of the Chimes Mortuary, and

9  Crematory and Cemetery (Sacramento). Defendants shall be referred to as "COC" or Chapel of the

10  Chimes throughout the remainder of this Complaint.

11  12.  Defendants DOES 1-50 are sued herein under fictitious names. Their true names and

12  capacities, whether individual, corporate, associate, or otherwise, are unknown to Plaintiffs.

13  Plaintiffs are informed and believe and based thereon allege that each of the Defendants sued

14  herein as a Doe is responsible in some manner for the events and happenings herein set forth and

15  proximately caused injury and damages, and any reference to "Defendant" shall mean "Defendants,

16  and each of them." Plaintiffs will amend this complaint to show their true names and capacities

17  when they have been ascertained.

18  **FACTUAL BACKGROUND**

19  I.  **Commission-Based Payment System.**

20  13.  COC purports to initially provide its Employees with a base compensation at the

21  applicable minimum wage, plus commissions based on the value of products and services sold.

22  The commission system is referred to as "Production Incentive Pay" which utilizes a point system

23  to denote each sales dollar earned.

24  14.  Commission pay is supposed to be earned on a weekly basis. However, COC

25  advances Employees 42,000 points each week which equates to a quota of $420.00 in products and

26  services the employee is supposed to sale each week. Due to the higher minimum wage in

27  Oakland, COC advances Employees at its Oakland, CA location 52,000 points a week which

28  equates to a quota of $520.00 in products and services. The Employees must meet the quota each

- 5 -

UNLIMITED CIVIL COMPLAINT - JURY TRIAL DEMANDED
CASE NO.

week to actually earn the commission. If an Employee fails to meet the quota any week, the difference between the quota and what was actually earned by the Employee is charged back to the employee. These chargebacks are cumulative and stack-up each week an employee does not reach quota. Thus, if an Employee fails to reach quota in the first week of the month, the Employee will have a negative balance regardless of whether that employee worked 40 hours, missed work due to illness or vacation, or actually worked 50 hours in that week. However, if an Employee exceed the quota, those excess points are lost and no additional compensation is actually provided.

15. COC immediately imposed the commission point system on Plaintiffs without written notice, explanation, or agreement. Plaintiffs Uschold and Dangerfield received training during the first two weeks of their employment working only 20 hours per week. COC accounted the full 42,000 points (based on a 40-hour work week) against Plaintiffs during their training weeks without their knowledge. Plaintiffs were not made aware of the commission system and point debt until three months into their employment.

16. Plaintiffs received no other forms of compensation from COC. This compensation system was "rolled-out" to all sales employees throughout the state of California.

**II. Work Related Use of Personal Property.**

17. Plaintiff Uschold was tasked with sales and supervision of employees who conducted sales. Uschold knows that COC required sales employees throughout California to travel to COC's various locations, to meet with current and prospective clients at their homes, and to travel around each COC location which all include large burial ground areas. These Employees used their personal vehicles for travel incurring costs including, but not limited to, gas, vehicle registration, maintenance, and toll fare.

18. COC's policy is to not reimburse sales employees for use of their personal vehicles in the course of their job duties. COC does not provide a company vehicle but requires these employees to travel in order to perform their job duties.

19. Plaintiffs Uschold and Dangerfield were required to incur these same costs and expenses as sales employees when required to visit clients or prospective clients at their homes to complete tasks like paperwork and authorizations. These types of travel and visits were routine

- 6 -

1   and customary for COC sales employees in the state of California. This includes the use of cell

2   phones to perform these essential job functions.

3       20.   Plaintiffs' compensation did not include reimbursement for any work-related

4   expenses.

5   ### CLASS AND REPRESENTATIVE ACTION

6       21.   Pursuant to California Code of Civil Procedure § 382, this action is brought as a

7   representative action as to claims for unlawful wage deductions and failure to reimburse necessary

8   and reasonable business expenses under the Labor Codes and UCL. Plaintiffs are representative of

9   other commissioned employees and are acting on behalf of their interests. The similarly situated

10  employees are known to COC and readily identifiable through COC's own records. The Class

11  Plaintiffs seek to represent is defined as:

12          All former and current commissioned employees ("Class Members")
            employed by Defendants within the State of California within four years of
13          the filing of this Complaint until the entry of judgment after trial.

14  Plaintiffs also propose that the Class will be subdivided into three sub-classes consisting of:

15          (1) **all Class members that were not reimbursed for reasonable and
            necessary costs incurred in relationship to the use of personal property**
16          **as required by California law**; including, but not limited to, gas, mileage,
            insurance, vehicle registration, and toll fare, for personal vehicle use; and
17          monthly payment for cell phone use;

18          (2) all Class members subjected to unlawful payroll deductions; and

19          (3) all Class members that were not provided an accurate written
            commission agreement.
20

21  Membership in one subclass is not mutually exclusive of membership in the other subclass,

22  Plaintiffs believe that many or most Class members are members of all subclasses.

23      22.   The persons in the Class, and in each subclass, are so numerous that joinder is

24  impracticable, and the disposition of these claims in a class action rather than in individual actions

25  will benefit the parties and the Court. On information and belief, the Class consists of more than 50

26  people. Plaintiffs further allege, based on information and belief, that there is not less than 5 people

27  in each subclass.

28      23.   There is a well-defined community of interest in common questions of law and fact.

- 7 -

UNLIMITED CIVIL COMPLAINT - JURY TRIAL DEMANDED
CASE NO.

Common questions of law and fact include questions raised by the individual Plaintiffs' allegations that Defendants failed to reimburse necessary and reasonable business expenses and unlawfully deducted wages in violation of various state laws. The common questions apply to the Class in that they are all subject to the same policies, acts, and omissions of Defendants. Common questions of law and fact include:

    a) Whether Defendants' failure to reimburse reasonable and necessary travel expenses incurred violates Labor Code § 2802;

    b) Whether Defendants' failure to reimburse reasonable and necessary personal cell phone use by its Employees work-related purposes violates Labor Code § 2802;

    c) Whether Defendants' commission compensation method violates Labor Code § 221;

    d) Whether Defendants' failure to obtain authorization and assent from Employees to deduct from commission actually earned violates Labor Code § 224;

    e) Whether Defendants' various violations of the Labor Code serve as predicate violations of the UCL; and

    f) Whether Defendants owe Employees waiting time penalties for failure to timely pay all wages earned.

24.    Common questions of law and fact predominate over any questions affecting only individual Class members.

25.    Plaintiffs' claims are typical of those of the claims of the Class as a whole because the individual Plaintiffs are similarly affected by Defendants' policies, acts, and omissions.

26.    Plaintiffs are adequate class representatives because they are directly affected by Defendants' acts and omissions. Plaintiffs have no interests that conflict with or are antagonistic to the interests of the Class. Plaintiffs and counsel are aware of their fiduciary responsibilities to the Class members and have experience in representing clients in class and individual actions involving employment rights.

27.    There is no plain, speedy, or adequate remedy other than by maintenance of this class action. The prosecution of individual remedies by members of the Class will tend to establish inconsistent standards of conduct for the Defendants and result in the impairment of Class

- 8 -

UNLIMITED CIVIL COMPLAINT - JURY TRIAL DEMANDED
CASE NO.

1   members' rights and the disposition of their interests through actions to which they were not

2   parties.

3        28.    References to Plaintiffs below shall include each individual Plaintiff and each

4   member of the proposed Class, unless otherwise indicated.

5   **FIRST CAUSE OF ACTION**

6   **UNLAWFUL DEDUCTION OF WAGES UNDER LABOR CODE SECTION 221**

7   **(All Plaintiffs Against All Defendants)**

8        29.    Plaintiffs re-allege and incorporate paragraphs 1 through 28 inclusive, of this

9   Complaint as though fully set forth herein.

10       30.    Defendants' commission system resulted in deductions from commission actually

11  earned by operation of its rollover points system for weeks an Employee did not meet the set quota.

12  Once a commission is earned, it is considered a wage which is unlawful for an employer to recoup.

13  *See Koehl v. Verio, Inc.* (2006) 142 Cal. App. 4th 1313, 1329-1337.  Furthermore, Defendants

14  accumulated the deficit points against Employees but not commission points earned in excess of

15  the quota.

16       31.    As a result of Defendants' unlawful policies and acts, Plaintiffs are owed unpaid

17  wages plus interest, penalties, and attorneys' fees and costs.

18  **SECOND CAUSE OF ACTION**

19  **UNAUTHORIZED DEDUCTION OF WAGES IN VIOLATION OF LABOR CODE**

20  **SECTION 224**

21  **(All Plaintiffs Against All Defendants)**

22       32.    Plaintiffs re-allege and incorporate paragraphs 1 through 31, inclusive, of this

23  Complaint as though fully set forth herein.

24       33.    Defendants subjected Plaintiffs to its commission-based system without express

25  written consent or acknowledgement. As earlier alleged and explained, Defendants commission

26  policy operates to deduct from commissions actually earned. There is strong public policy

27  requiring an express agreement from the employee to an employer's right to recoup or charge back

28  commission under specific circumstances. *See Koehl*, 142 Cal. App. 4th at 1334. Thus, Defendants

- 9 -

UNLIMITED CIVIL COMPLAINT - JURY TRIAL DEMANDED
CASE NO.

1  failure to inform Plaintiffs of operation and terms of its commission system makes the deductions

2  to commissions earned unauthorized and unlawful.

3      34.    As a result of Defendants' unlawful acts and omissions, Plaintiffs are owed unpaid

4  wages plus interest, penalties, and attorneys' fees and costs.

5  **THIRD CAUSE OF ACTION**

6  **FAILURE TO REIMBURSE FOR REASONABLE AND NECESSARY BUSINESS**

7  **EXPENSES UNDER LABOR CODE SECTION 2802**

8  **(All Plaintiffs Against All Defendants)**

9      35.    Plaintiffs re-allege and incorporate paragraphs 1 through 34, inclusive, of this

10  Complaint as though fully set forth herein.

11      36.    Defendants have failed to reimburse Plaintiffs for costs and expenses the Plaintiffs

12  incurred when they were required to use their personal property as a necessary part of performing

13  their job duties for Defendants thereby relieving Defendants of those business expenses.

14      37.    As a result of the unlawful acts of Defendants, and each of them, Plaintiffs and the

15  Class are owed expense reimbursement in amounts to be proven at trial, and are entitled to

16  recovery of such amounts, plus interest, penalties, and attorney's fees and costs.

17  **FOURTH CAUSE OF ACTION**

18  **VIOLATION OF CALIFORNIA'S UNFAIR COMPETITION LAWS, CAL. BUSINESS &**

19  **PROFESSIONS CODE SECTION 17200**

20  **(All Plaintiffs Against All Defendants)**

21      38.    Plaintiffs re-allege and incorporate paragraphs 1 through 37, inclusive, of this

22  Complaint as though fully set forth herein.

23.      39.    By the conduct described above, Defendants have violated the provisions of the

24  Labor Code, and the Unfair Competition Law, codified at Business & Professions Code Sections

25  17200 et seq. by engaging in unfair, unlawful, and oppressive activity.

26      40.    The unlawful and unfair business practices conducted by Defendants are ongoing

27  and present a threat and likelihood of continuing against Defendants' current employees.

28  Accordingly, Plaintiffs and the Class seek preliminary and permanent injunctive relief.

UNLIMITED CIVIL COMPLAINT - JURY TRIAL DEMANDED
CASE NO.

41.     Defendants generated income and reduced its employee costs as a direct result of the above-mentioned unlawful and unfair business practices. Plaintiff and the Class are therefore entitled to restitution of any and all monies received by Defendants, and each of them, while engaged in such practices.

42.     As a result, Plaintiffs and the Class are entitled to restitution of their unpaid commissions, costs, and expenses in addition to interest, penalties, reasonable attorney's fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, individually and on behalf of all Class members and/or other persons similarly situated, respectfully prays for judgment against Defendants, and each of them, according to proof, as follows:

a.  For unpaid costs and expenses, according to proof in the amount of $ 7,200,000.00;

b.  For restitution of unpaid costs and expenses pursuant to Business & Professions Code Sections 17200 et seq.;

c.  For interest at the maximum legal rate;

d.  For attorney's fees authorized by statute;

e.  For costs of suit incurred herein; and

f.  For such other and further relief as the Court may deem just and proper.

Dated: January 16, 2018                              Benjamin Law Group, P.C.


By
                                                     NA'IL BENJAMIN
                                                     Attorneys for Plaintiffs
                                                     William Uschold et al.

- 11 -

UNLIMITED CIVIL COMPLAINT - JURY TRIAL DEMANDED
CASE NO.

1

**DEMAND FOR JURY TRIAL**

2    43.         Plaintiffs, on behalf of themselves and all others similarly situated, hereby requests

3    a jury trial on the claims so triable.

4

5      Dated:  January 16, 2018                              Benjamin Law Group, P.C.

6

7                                                    By  _____
                                                         **NA'IL BENJAMIN**
8                                                         Attorneys for Plaintiffs

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 12 -

**UNLIMITED CIVIL COMPLAINT - JURY TRIAL DEMANDED**
**CASE NO.**



## Superior Court of California, County of Alameda
## Alternative Dispute Resolution (ADR) Information Packet

The person who files a civil lawsuit (plaintiff) must include the ADR Information Packet with the complaint when serving the defendant. Cross complainants must serve the ADR Information Packet on any new parties named to the action.

---

The Court *strongly encourages* the parties to use some form of ADR before proceeding to trial.  You may choose ADR by:

- Indicating your preference on Case Management Form CM-110;

- Filing the Stipulation to ADR and Delay Initial Case Management Conference for 90 Days (a local form included with the information packet); or

- Agree to ADR at your Initial Case Management Conference.

**QUESTIONS?**  Call (510) 891-6055. Email adrprogram@alameda.courts.ca.gov
Or visit the court's website at http://www.alameda.courts.ca.gov/adr

---

### What Are The Advantages Of Using ADR?

- *Faster* –Litigation can take years to complete but ADR usually takes weeks or months.

- *Cheaper* – Parties can save on attorneys' fees and litigation costs.

- *More control and flexibility* – Parties choose the ADR process appropriate for their case.

- *Cooperative and less stressful* – In mediation, parties cooperate to find a mutually agreeable resolution.

- *Preserve Relationships* – A mediator can help you effectively communicate your interests and point of view to the other side. This is an important benefit when you want to preserve a relationship.

### What Is The Disadvantage Of Using ADR?

- *You may go to court anyway* – If you cannot resolve your dispute using ADR, you may still have to spend time and money resolving your lawsuit through the courts.

### What ADR Options Are Available?

- *Mediation* – A neutral person (mediator) helps the parties communicate, clarify facts, identify legal issues, explore settlement options, and agree on a solution that is acceptable to all sides.

    o **Court Mediation Program:**  Mediators do not charge fees for the first two hours of mediation.  If parties need more time, they must pay the mediator's regular fees.

ADR Info Sheet.Rev. 12/15/10                                                                 *Page 1 of 2*

Some mediators ask for a deposit before mediation starts which is subject to a refund for unused time.

o **Private Mediation:** This is mediation where the parties pay the mediator's regular fees and may choose a mediator outside the court's panel.

• *Arbitration* – A neutral person (arbitrator) hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is less formal than a trial and the rules of evidence are often relaxed. Arbitration is effective when the parties want someone other than themselves to decide the outcome.

o **Judicial Arbitration Program** (non-binding): The judge can refer a case or the parties can agree to use judicial arbitration. The parties select an arbitrator from a list provided by the court. If the parties cannot agree on an arbitrator, one will be assigned by the court. There is no fee for the arbitrator. The arbitrator must send the decision (award of the arbitrator) to the court. The parties have the right to reject the award and proceed to trial.

o **Private Arbitration** (binding and non-binding) occurs when parties involved in a dispute either agree or are contractually obligated. This option takes place outside of the courts and is normally binding meaning the arbitrator's decision is final.

## Mediation Service Programs In Alameda County

Low cost mediation services are available through non-profit community organizations. Trained volunteer mediators provide these services. Contact the following organizations for more information:

**SEEDS Community Resolution Center**
2530 San Pablo Avenue, Suite A, Berkeley, CA 94702-1612
Telephone: (510) 548-2377     Website: www.seedscrc.org
Their mission is to provide mediation, facilitation, training and education programs in our diverse communities – Services that Encourage Effective Dialogue and Solution-making.

**Center for Community Dispute Settlement**
291 McLeod Street, Livermore, CA 94550
Telephone: (925) 373-1035     Website: www.trivalleymediation.com
CCDS provides services in the Tri-Valley area for all of Alameda County.

*For Victim/Offender Restorative Justice Services*
**Catholic Charities of the East Bay: Oakland**
433 Jefferson Street, Oakland, CA 94607
Telephone: (510) 768-3100     Website: www.cceb.org
Mediation sessions involve the youth, victim, and family members work toward a mutually agreeable restitution agreement.

**ALA ADR-001**

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address) | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO.:                FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name):<br>SUPERIOR COURT OF CALIFORNIA, ALAMEDA COUNTY<br>STREET ADDRESS:<br>MAILING ADDRESS:<br>CITY AND ZIP CODE:<br>BRANCH NAME | |
| PLAINTIFF/PETITIONER:<br>DEFENDANT/RESPONDENT: | |

| | CASE NUMBER: |
|---|---|
| **STIPULATION TO ATTEND ALTERNATIVE DISPUTE RESOLUTION (ADR)**<br>**AND DELAY INITIAL CASE MANAGEMENT CONFERENCE FOR 90 DAYS** | |

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

This stipulation is effective when:

- All parties have signed and filed this stipulation with the Case Management Conference Statement at least 15 days before the initial case management conference.
- A copy of this stipulation has been received by the ADR Program Administrator, 1225 Fallon Street, Oakland, CA 94612.

1. Date complaint filed: _____. An **Initial Case Management Conference** is scheduled for:

   Date:                           Time:                           Department:

2. Counsel and all parties certify they have met and conferred and have selected the following ADR process (*check one*):

   ☐ Court mediation          ☐ Judicial arbitration
   ☐ Private mediation        ☐ Private arbitration

3. All parties agree to complete ADR within 90 days and certify that:

   a. No party to the case has requested a complex civil litigation determination hearing;
   b. All parties have been served and intend to submit to the jurisdiction of the court;
   c. All parties have agreed to a specific plan for sufficient discovery to make the ADR process meaningful;
   d. Copies of this stipulation and self-addressed stamped envelopes are provided for returning endorsed filed stamped copies to counsel and all parties;
   e. Case management statements are submitted with this stipulation;
   f. All parties will attend ADR conferences; and,
   g. The court will not allow more than 90 days to complete ADR.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

_____        ▶ _____
        (TYPE OR PRINT NAME)                              (SIGNATURE OF PLAINTIFF)

Date:

_____        ▶ _____
        (TYPE OR PRINT NAME)                              (SIGNATURE OF ATTORNEY FOR PLAINTIFF)

Form Approved for Mandatory Use<br>Superior Court of California,<br>County of Alameda<br>ALA ADR-001 [New January 1, 2010] **STIPULATION TO ATTEND ALTERNATIVE DISPUTE RESOLUTION (ADR)**<br>**AND DELAY INITIAL CASE MANAGEMENT CONFERENCE FOR 90 DAYS** Cal. Rules of Court,<br>rule 3.221(a)(4)

**ALA ADR-001**

| | |
|---|---|
| PLAINTIFF/PETITIONER: | CASE NUMBER.: |
| DEFENDANT/RESPONDENT: | |

Date:

_____        ▶ _____
(TYPE OR PRINT NAME)                              (SIGNATURE OF DEFENDANT)

Date:

_____        ▶ _____
(TYPE OR PRINT NAME)                              (SIGNATURE OF ATTORNEY FOR DEFENDANT)

Form Approved for Mandatory Use
Superior Court of California,
County of Alameda
ALA ADR-001 [New January 1, 2010]

**STIPULATION TO ATTEND ALTERNATIVE DISPUTE RESOLUTION (ADR)
AND DELAY INITIAL CASE MANAGEMENT CONFERENCE FOR 90 DAYS**

Cal. Rules of Court,
rule 3.221(a)(4)

# EXHIBIT C

1  JOANNA L. BROOKS, Bar No. 182986
   MICHAEL W. NELSON, Bar No. 287213
2  LITTLER MENDELSON, P.C.
   Treat Towers
3  1255 Treat Boulevard
   Suite 600
4  Walnut Creek, CA 94597
   Telephone: 925.932.2468
5  Fax No.: 925.946.9809

6  Attorneys for Defendant
   NSMG SHARED SERVICES, LLC
7
   (Sued herein erroneously as Northstar Memorial
8  Group; Northstar Memorial Group d/b/a Chapel of
   the Chimes; Chapel of the Chimes; and NSMG
9  Shared Services, LLC d/b/a Northstar Memorial
   Group Shared Services LLC)
10

ENDORSED
FILED
ALAMEDA COUNTY

FEB 1 5 2018

CLERK OF THE SUPERIOR COURT
By _____ DEBRA FURTADO _____
                                    Deputy

11              SUPERIOR COURT OF CALIFORNIA

12                 COUNTY OF ALAMEDA

13  WILLIAM USCHOLD and TYRONE          Case No. HG18889297
    DANGERFIELD, each individually and on
14  behalf of others similarly situated,

15                  Plaintiffs,          **ANSWER AND AFFIRMATIVE DEFENSES**
                                         **OF NSMG SHARED SERVICES, LLC** (Sued
16       v.                              herein erroneously as Northstar Memorial
                                         Group; Northstar Memorial Group d/b/a Chapel
17  NORTHSTAR MEMORIAL GROUP, et         of the Chimes; Chapel of the Chimes; and
    al.,                                 NSMG Shared Services, LLC d/b/a Northstar
18                                       Memorial Group Shared Services LLC)
                    Defendants.
19

20

21          Defendant NSMG Shared Services, LLC (Sued herein erroneously as Northstar

22  Memorial Group; Northstar Memorial Group d/b/a Chapel of the Chimes; Chapel of the Chimes; and

23  NSMG Shared Services, LLC d/b/a Northstar Memorial Group Shared Services LLC) ("Defendant")

24  hereby answers the Complaint filed by Plaintiffs William Uschold and Tyrone Dangerfield

25  (collectively, "Plaintiffs"), on behalf of themselves individually and a putative class of allegedly

26  similarly situated persons ("the putative class members"), in the above-referenced action. By

27  asserting the following affirmative defenses, Defendant does not acknowledge that it bears the

28  burden of proof as to any of those defenses or any of the elements thereof.

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925 932 2468

_____
              DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES

1

## GENERAL DENIAL

Pursuant to the provisions of the California Code of Civil Procedure ("Code of Civil Procedure") section 431.30(d), Defendant denies generally and specifically each and every allegation contained in the Complaint, and each and every cause of action set forth therein. Defendant further denies that Plaintiffs or any putative class member have been damaged, as alleged or at all, in any manner or amount whatsoever as a result of any of the alleged act or omission by Defendant or any agent of Defendant. Defendant further denies that this case is appropriate for class treatment.

## AFFIRMATIVE DEFENSES

Defendant asserts the following affirmative defenses and other defenses designated, collectively, as "affirmative defenses." Defendant's designation of defenses as "affirmative" is not intended in any way to alter Plaintiffs' burden of proof with regard to any element of their causes of action. Defendant also expressly denies the existence of any alleged putative group of persons that Plaintiffs purport to represent in this lawsuit. Defendant incorporates (as if fully set forth herein) this express denial with each and every reference to "Plaintiffs" and "putative class members."

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

As a separate and distinct affirmative defense, Defendant alleges that the Complaint, and each and every alleged cause of action therein, fails to state facts sufficient to constitute a cause of action upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

### (Statute of Limitations)

As a separate and distinct affirmative defense, Defendant alleges that Plaintiffs' claims, as well as those of the putative class members, are barred, in whole or in part, by the applicable statute(s) of limitations, including, but not limited to, Code of Civil Procedure sections 338(a), 340 and 343, Labor Code section 203, and California Business and Professions Code ("Business and Professions Code") section 17208.

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

2.

DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES

1                                  **THIRD AFFIRMATIVE DEFENSE**

2                               **(Failure to Exhaust Other Remedies)**

3       As a separate and distinct affirmative defense, Defendant alleges that Plaintiffs failed

4 to properly exhaust all contractual, administrative and/or statutorily required remedies prior to filing

5 suit, and that such failure bars this suit in whole or in part.

6                                **FOURTH AFFIRMATIVE DEFENSE**

7                                      **(No Standing)**

8       As a separate and distinct affirmative defense, Defendant alleges that Plaintiffs, as

9 well as the putative class members, lack standing to bring this action for, and the Court lacks

10 jurisdiction to award, certain penalties sought in the Complaint, as there is no private right of action

11 to recover such penalties.

12                                  **FIFTH AFFIRMATIVE DEFENSE**

13                                    **(*De Minimis*)**

14       As a separate and distinct affirmative defense, Defendant alleges that, to the extent

15 Plaintiffs have alleged a violation of the Labor Code based on alleged time spent by Plaintiff and the

16 putative class members on work-related activities for which compensation was owed but not paid,

17 any such time was *de minimis* such that no further compensation is owed to Plaintiff or the putative

18 class members.

19                                  **SIXTH AFFIRMATIVE DEFENSE**

20                        **(Avoidable Consequences Doctrine)**

21       As a separate and distinct affirmative defense, Defendant alleges that the Complaint

22 and each cause of action therein are barred by the doctrine of avoidable consequences.  Plaintiff and

23 the putative class members could have taken reasonable steps to avoid or mitigate the damages

24 claimed, for example: complaining to Defendant about the alleged issues with the commission

25 system or reimbursement of expenses or other concerns regarding their compensation. Plaintiffs as

26 well as putative class members are barred from recovering damages for lost wages, or any recovery

27 for lost wages must be reduced, if and to the extent Plaintiffs or any putative class members failed to

28 exhaust internal remedies to receive alleged unpaid wages or otherwise exercise reasonable diligence

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

3.

DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES

1  to mitigate their alleged damages, if any. As Plaintiffs and the putative class members failed to

2  mitigate the damages allegedly suffered, if any such damages there were, or are, such failure to

3  mitigate bars and/or diminishes any recovery against Defendant.

### SEVENTH AFFIRMATIVE DEFENSE

### (Timely Wage Payments)

6  As a separate and distinct affirmative defense, Defendant alleges that Plaintiff, as well

7  as any putative class members' claims for penalties, including, but not limited to penalties predicated

8  on Labor Code sections 201-204, are barred because (1) there are *bona fide* disputes as to whether

9  Defendant failed to timely pay all wages due, (2) there are *bona fide* disputes as to whether

10  Defendant failed to present wage statements on a timely basis, and (3) Defendant has not willfully

11  failed to pay such compensation, if any is owed.

### EIGHTH AFFIRMATIVE DEFENSE

### (Good Faith)

14  As a separate and distinct affirmative defense, Defendant alleges that Plaintiffs are

15  not entitled to any remedy or penalty award under California Business and Professions Code §

16  17200, *et. seq.*, or California Labor Code sections 201-204, 221, 224, 510, 512, 2802 or any

17  applicable IWC Wage Order because Defendant did not willfully fail to comply with the

18  compensation provisions of the California Labor Code, or any applicable Wage Order, but acted in

19  good faith and had reasonable grounds for believing it did not violate them.

### NINTH AFFIRMATIVE DEFENSE

### (Laches, Estoppel, Unclean Hands, Consent, Waiver, Release, Unjust Enrichment)

22  As a separate and distinct affirmative defense, Defendant alleges that Plaintiffs'

23  claims, as well as those of the putative class members, are barred in whole or in part by the

24  doctrine(s) of laches, estoppel, unclean hands, consent, waiver, release, and/or unjust enrichment.

### TENTH AFFIRMATIVE DEFENSE

### (Double Recovery Barred)

27  As a separate and distinct affirmative defense, Defendant alleges that, to the extent

28  multiple penalties are sought for the same alleged violations, such claims are barred by the

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

4.

DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES

1  prohibition on double recovery.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Proximate Cause)

As a separate and distinct affirmative defense, Defendant alleges that Plaintiffs' alleged injuries, or alleged injuries of any member of the putative class, were not proximately caused by any allegedly unlawful policy, custom, practice and/or procedure promulgated and/or tolerated by Defendant.

## TWELFTH AFFIRMATIVE DEFENSE

### (Accord and Satisfaction)

As a separate and distinct affirmative defense, Defendant alleges that Plaintiffs' claims fail because Plaintiff and all members of the putative class have been fully paid all amounts legally owed by Defendant, and by accepting the payments made to them, Plaintiffs and the putative class members have effectuated an accord and satisfaction of their claims.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Offset)

As a separate and distinct affirmative defense, Defendant alleges that any award to Plaintiffs or the putative class members must be offset by the value of any monies and/or benefits Defendant paid to Plaintiffs and the putative class members that were not owed.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (No Injunctive or Declaratory Relief)

As a separate and distinct affirmative defense, Defendant alleges that any claim for injunctive or declaratory relief is barred because Plaintiffs lack standing to seek such relief.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (No Equitable Relief)

As a separate and distinct affirmative defense, Defendant alleges that Plaintiffs' claims for equitable relief, as well as those of the putative class members, are barred, in whole or in part, on the grounds that Plaintiff and the putative class members have adequate remedies at law.

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SIXTEENTH AFFIRMATIVE DEFENSE

(Excessive Fines)

As a separate and distinct affirmative defense, Defendant alleges that an award of civil penalties in this case would result in the imposition of excessive fines in violation of the Eighth Amendment to the United States Constitution and Article I, Section 7 of the California Constitution. *People ex rel Lockyer v. R.J. Reynolds Tobacco Co.* 37 Cal. 4th 707 (2005).

SEVENTEENTH AFFIRMATIVE DEFENSE

(No Class Action)

As a separate and distinct affirmative defense, Defendant alleges, as to each purported cause of action set forth in the Complaint as a class action, that this suit may not be properly maintained as a class action because: (1) Plaintiffs have failed to plead, and cannot establish the necessary procedural elements for, such treatment; (2) a class action is not an appropriate method for the fair and efficient adjudication of the claims described in the Complaint; (3) common issues of fact or law do not predominate, rather, to the contrary, individual issues predominate; (4) Plaintiffs' claims are not typical of the claims of the putative class members; (5) Plaintiffs and alleged putative class counsel are not adequate representatives for the alleged putative class; and (6) a well-defined community of interest in the questions of law and/or fact affecting Plaintiffs and the putative class members does not exist.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

**(Business and Professions Code ("B&P") § 17200 *et seq.*)**

As a separate and distinct affirmative defense, Defendant alleges that its business practices were not "unfair," "unlawful," or "fraudulent" within the meaning of Business and Professions Code section 17200 *et seq.*

**NINETEENTH AFFIRMATIVE DEFENSE**

**(No Standing-B&P Code § 17200, *et seq.*)**

As a separate and distinct affirmative defense, Defendant alleges that Plaintiffs suffered no cognizable injury under California Business and Professions Code section 17200 *et seq.*, and therefore lack standing to pursue a class action thereunder.

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

6.

DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES

1                 **TWENTIETH AFFIRMATIVE DEFENSE**

2                 **(No Class Action-B&P Code § 17200, *et seq.*)**

3         As a separate and distinct affirmative defense, Defendant alleges that Plaintiffs'

4 claims under California Business and Professions Code section 17200 *et seq.* do not constitute a

5 proper class action, and Plaintiffs' claims are barred to the extent they seek recovery or remedies

6 unavailable under the UCL.

7             **TWENTY-FIRST AFFIRMATIVE DEFENSE**

8             **(Restitution Barred-B&P Code § 17200, *et seq.*)**

9         As a separate and distinct affirmative defense, Defendant alleges that Plaintiffs'

10 claims for restitution pursuant to California Business and Professions Code section 17200 *et seq.*, are

11 barred to the extent they constitute claims for damages.

12          **TWENTY-SECOND AFFIRMATIVE DEFENSE**

13             **(No Penalties-B&P Code § 17200, *et seq.*)**

14      As a separate and distinct affirmative defense, Defendant alleges that Plaintiffs' claims for

15 recovery pursuant to California Business and Professions Code section 17200 *et seq.* are barred with

16 respect to penalties of any nature.

17           **TWENTY-THIRD AFFIRMATIVE DEFENSE**

18   **(No Restitution, Disgorgement, Injunctive Relief-B&P Code § 17200, *et seq.*)**

19         As a separate and distinct affirmative defense, Defendant alleges that Plaintiffs'

20 claims for recovery in the form of restitution, disgorgement, or injunctive relief under California

21 Business and Professions Code section 17200 *et seq.* are barred with respect to any alleged

22 violations that have been discontinued, ceased, or are not likely to recur.

23          **TWENTY-FOURTH AFFIRMATIVE DEFENSE**

24              **(Entitlement to Credit or Setoff)**

25         As a separate and distinct affirmative defense, Defendant alleges that, assuming

26 Plaintiffs and/or the putative class are entitled to any unpaid wages, Defendant is entitled to a credit

27 or setoff. This credit or setoff includes, but is not limited to, amounts erroneously overpaid to

28 Plaintiffs, so as to prevent unjust enrichment of Plaintiffs and/or the putative class. The claims of

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925 932 2468

7.

DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES

1    Plaintiffs and/or the putative class are barred because Plaintiffs and/or the putative class would be

2    unjustly enriched if they prevailed on any of said claims.

3    **TWENTY-FIFTH AFFIRMATIVE DEFENSE**

4    **(Violation of Due Process)**

5    As a separate and distinct affirmative defense, Defendant alleges that such a request for civil

6    penalties would violate Defendant's procedural, substantive and procedural due process rights (vis-à-

7    vis the Fourteenth Amendment of the United States Constitution and the Due Process and Equal

8    Protection Clauses in Article 1 of the California Constitution). *See State Farm Mutual Automobile*

9    *Insurance Company v. Campbell*, 538 U.S. 408 (2003) or *People ex. rel. Lockyer v. R.J. Reynolds*,

10    37 Cal. 4th 707 (2005).

11    **TWENTY-SIXTH AFFIRMATIVE DEFENSE**

12    **(Claims Unconstitutionally Vague and Ambiguous)**

13    As a separate and distinct affirmative defense, Defendant is informed and believes

14    that a reasonable opportunity for investigation and discovery will reveal, and on that basis alleges,

15    that the Complaint, and each cause of action set forth therein, or some of them, is barred because the

16    applicable Wage Orders of the Industrial Welfare Commission and California Business and

17    Professions Code sections 17200 *et seq.*, are unconstitutionally vague and ambiguous and violate

18    Defendant's rights under the United States Constitution and the California Constitution as to, among

19    other things, due process of law.

20    **TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

21    **(Unfair Business Practices Claim Violates Due Process)**

22    As a separate and distinct affirmative defense, Defendant alleges that prosecution of

23    this action under Business and Professions Code sections 17200 *et seq.*, as applied to the facts and

24    circumstances of this case, constitutes a denial of due process rights under the Fourteenth

25    Amendment to the United States Constitution and Article I, section 7 of the California Constitution.

26    That violation is both procedural, by imposing a procedure that would render it impossible for

27    Defendant to defend its interests and property; and substantive, by imposing remedies

28

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

8.

DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES

1  constitutionally disproportionate to the wrongs committed. *See People ex rel Lockyer v. R.J.*

2  *Reynolds Tobacco Company*, 37 Cal. 4th 707 (2005).

3  <u>**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**</u>

4  **(No Injury)**

5  As a separate and distinct affirmative defense, Defendant is informed and believes

6  that a reasonable opportunity for investigation and discovery will reveal, and on that basis alleges,

7  that the Complaint, and each cause of action set forth therein, or some of them, is barred because

8  Plaintiffs and the putative class lack standing to sue under California Business and Professions Code

9  sections 17200 and 17204 as they have not suffered any injury in fact or lost money or property as a

10  result of any allegedly unlawful business practice of Defendant.

11  <u>**TWENTY-NINTH AFFIRMATIVE DEFENSE**</u>

12  **(Failure to Reimburse Business Expenses – Expenses Not Job Related)**

13  Any claims for civil penalties pursuant to Labor Code section 2802 are barred

14  because such expenses for which Plaintiffs and the alleged putative class members whom Plaintiffs

15  seek to represent seek reimbursement were not incurred in direct consequence of the discharge of

16  their duties and/or were not reasonable and/or were unnecessary.

17  <u>**THIRTIETH AFFIRMATIVE DEFENSE**</u>

18  **(Fully Paid for Selling Activity)**

19  As a separate and distinct affirmative defense, Defendant alleges that to the extent

20  Plaintiffs and/or putative class members were not engaged in selling activity during any working

21  hours in which they were paid through commissioned wages, which Defendant denies, any such non-

22  selling activity during those time periods was not endorsed, encouraged or otherwise permitted by

23  Defendant and was contrary to Defendant's policy for commissioned salespersons.

24  <u>**THIRTY-FIRST AFFIRMATIVE DEFENSE**</u>

25  **(Properly Compensated for Time Worked)**

26
27  As a separate and distinct affirmative defense, Defendant alleges that Plaintiffs and

   all putative class members were paid an hourly wage of at least the minimum wage for all hours

28

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

9.

DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES

1   worked, and as such, they were fully and lawfully compensated for all time worked under California
2   law.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

#### (Sales Exemption)

As a separate and distinct affirmative defense, Defendant alleges that the Complaint is barred because Plaintiff and/or the putative class members, or some of them, are exempt pursuant to the either the inside sales exemption, outside sales exemption, or commission sales exemption arising under the California Labor Code, applicable Wage Order(s) and all applicable regulations, taking into account appropriate tacking of exemptions.

### THIRTY-THIRD AFFIRMATIVE DEFENSE

#### (Written Agreement)

As a separate and distinct affirmative defense, Defendant alleges that the Complaint is barred because Plaintiff and/or the putative class members, or some of them, entered into written agreements providing for the advancement of commissions against earned commissions, which allowed for reconciliation of same in compliance with California law.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

#### (After-Acquired Evidence)

To the extent Defendant obtains through discovery or otherwise after-acquired evidence of wrongdoing by Plaintiffs or putative class members, the Complaint and claims therein are barred by the doctrine of after-acquired evidence, or the doctrine of after-acquired evidence limits and reduces the Plaintiffs' and putative class members' alleged damages.

### ADDITIONAL AFFIRMATIVE AND OTHER DEFENSES

Defendant presently has insufficient knowledge or information upon which to form a belief as to whether there may be additional, as yet unstated, defenses and reserves the right to assert additional defenses or affirmative defenses in the event discovery indicates such defenses are appropriate.

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA  94597
925 932 2468

10.

DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES

## PRAYER FOR RELIEF

WHEREFORE, Defendant prays:

1.     This action not be certified as a class action;

2.     Plaintiffs and the putative class members take nothing by way of the Complaint;

3.     Plaintiffs' Complaint be dismissed in its entirety with judgment entered against Plaintiffs and in favor of Defendant on all of Plaintiffs' causes of action;

4.     Plaintiffs be ordered to pay Defendant's attorneys' fees and costs as permitted by law, including but not limited to attorneys' fees and costs provided under California Labor Code section 218.5; and

5.     Defendant be awarded such other and further relief as the Court deems just and proper.


Dated:          February 15, 2018

_Joanna L. Brooks_

JOANNA L. BROOKS
MICHAEL W. NELSON
LITTLER MENDELSON, P.C.
Attorneys for Defendant
NSMG SHARED SERVICES, LLC
(Sued herein erroneously as Northstar
Memorial Group; Northstar Memorial Group
d/b/a Chapel of the Chimes; Chapel of the
Chimes; and NSMG Shared Services, LLC
d/b/a Northstar Memorial Group Shared
Services LLC)

Firmwide:152672604.4 082187.1013

LITTLER MENDELSON, P.C.
Trial Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

11.

DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES

**POS-040**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY:    STATE BAR NO:<br>NAME  JoAnna L. Brooks, Bar No. 182986; Michael W. Nelson, Bar No. 287213<br>FIRM NAME: Littler Mendelson, A Professional Corporation<br>STREET ADDRESS: 1255 Treat Blvd., Suite 600<br>CITY:  Walnut Creek            STATE: CA    ZIP CODE: 94597<br>TELEPHONE NO.: (925) 932-2468        FAX NO.: (925) 946-9809<br>E-MAIL ADDRESS:  jbrooks@littler.com; mnelson@littler.com<br>                                    Defendant NSMG Shared Services, LLC erroneously sued as<br>ATTORNEY FOR (name):  Northstar Memorial Group, et al. | FOR COURT USE ONLY |

| | |
|---|---|
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF Alameda<br>STREET ADDRESS: 24405 Amador Street<br>MAILING ADDRESS:<br>CITY AND ZIP CODE: Hayward, CA 94544<br>BRANCH NAME: Hayward Hall of Justice | |
| Plaintiff/Petitioner: William Uschold and Tyrone Dangerfield | CASE NUMBER:<br>HG18889297 |
| Defendant/Respondent: North Star Memorial Group, et al. | JUDICIAL OFFICER: |
| **PROOF OF SERVICE—CIVIL**<br>**Check method of service** *(only one):*<br>☐ By Personal Service    ☒ By Mail    ☐ By Overnight Delivery<br>☐ By Messenger Service    ☐ By Fax | DEPARTMENT: |

*Do not use this form to show service of a summons and complaint or for electronic service.*
*See USE OF THIS FORM on page 3.*

1. At the time of service I was over 18 years of age **and not a party to this action.**
2. My residence or business address is:
   1255 Treat Blvd., Suite 600, Walnut Creek, CA 94597

3. ☐   The fax number from which I served the documents is *(complete if service was by fax):*

4. On *(date):* February 15, 2018        I served the following **documents** *(specify):*
   ANSWER AND AFFIRMATIVE DEFENSES OF NSMG SHARED SERVICES, LLC (Sued herein erroneously as
   Northstar Memorial Group; Northstar Memorial Group d/b/a Chapel of the Chimes; Chapel of the Chimes; and NSMG
   Shared Services, LLC d/b/a Northstar Memorial Group Shared Services LLC)
   ☐   The documents are listed in the *Attachment to Proof of Service–Civil (Documents Served)* (form POS-040(D)).

5. I served the documents on the **person or persons** below, as follows:
   a.  Name of person served: Na'il Benjamin, Esq. and Allyssa Villanueva, Esq.
   b. ☐   *(Complete if service was by personal service, mail, overnight delivery, or messenger service.)*
      Business or residential address where person was served:
      Benjamin Law Group, P.C., 1290 B. Street, Suite 314, Hayward, CA 94541

   c. ☐   *(Complete if service was by fax.)*
      Fax number where person was served:

      ☐   The names, addresses, and other applicable information about persons served is on the *Attachment to Proof of Service—
      Civil (Persons Served)* (form POS-040(P)).

6. The documents were served by the following means *(specify):*

   a. ☐   **By personal service.** I personally delivered the documents to the persons at the addresses listed in item 5. (1) For a
   party represented by an attorney, delivery was made (a) to the attorney personally; or (b) by leaving the documents at the
   attorney's office, in an envelope or package clearly labeled to identify the attorney being served, with a receptionist or an
   individual in charge of the office; or (c) if there was no person in the office with whom the notice or papers could be left, by
   leaving them in a conspicuous place in the office between the hours of nine in the morning and five in the evening. (2) For
   a party, delivery was made to the party or by leaving the documents at the party's residence with some person not
   younger than 18 years of age between the hours of eight in the morning and six in the evening.

Form Approved for Optional Use<br>Judicial Council of California<br>POS-040 [Rev. February 1, 2017]

**PROOF OF SERVICE—CIVIL**
**(Proof of Service)**

Code of Civil Procedure, §§ 1011, 1013, 1013a,<br>2015.5; Cal. Rules of Court, rule 2.306<br>www.courts.ca.gov


American LegalNet, Inc.<br>www.FormsWorkFlow.com

**POS-040**

| CASE NAME:<br>William Uschold, et al. v. Northstar Memorial Group, et al. | CASE NUMBER:<br>HG18889297 |
|---|---|

6. b. ☒ **By United States mail.** I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses in item 5 and *(specify one):*

   (1) ☐ deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid.

   (2) ☒ placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

   I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail at *(city and state):*

c. ☐ **By overnight delivery.** I enclosed the documents in an envelope or package provided by an overnight delivery carrier and addressed to the persons at the addresses in item 5. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

d. ☐ **By messenger service.** I served the documents by placing them in an envelope or package addressed to the persons at the addresses listed in item 5 and providing them to a professional messenger service for service. *(A declaration by the messenger must accompany this Proof of Service or be contained in the Declaration of Messenger below.)*

e. ☐ **By fax transmission.** Based on an agreement of the parties to accept service by fax transmission, I faxed the documents to the persons at the fax numbers listed in item 5. No error was reported by the fax machine that I used. A copy of the record of the fax transmission, which I printed out, is attached.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: February 15, 2018

Gina Camacho
_____
(TYPE OR PRINT NAME OF DECLARANT)

► *(signature)*
_____
(SIGNATURE OF DECLARANT)

*(If item 6d above is checked, the declaration below must be completed or a separate declaration from a messenger must be attached.)*

### DECLARATION OF MESSENGER

☐ **By personal service.** I personally delivered the envelope or package received from the declarant above to the persons at the addresses listed in item 5. (1) For a party represented by an attorney, delivery was made (a) to the attorney personally; or (b) by leaving the documents at the attorney's office, in an envelope or package clearly labeled to identify the attorney being served, with a receptionist or an individual in charge of the office; or (c) if there was no person in the office with whom the notice or papers could be left, by leaving them in a conspicuous place in the office between the hours of nine in the morning and five in the evening. (2) For a party, delivery was made to the party or by leaving the documents at the party's residence with some person not younger than 18 years of age between the hours of eight in the morning and six in the evening.

At the time of service, I was over 18 years of age. I am not a party to the above-referenced legal proceeding.

I served the envelope or package, as stated above, on *(date):*

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

► 
_____     _____
(NAME OF DECLARANT)             (SIGNATURE OF DECLARANT)

**PROOF OF SERVICE—CIVIL**
**(Proof of Service)**

American LegalNet, Inc.
www.FormsWorkFlow.com